IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | CHAPTER 11 |
| ALEXANDER E. JONES | § § § | CASE NO. 22-33553 (CML) |
| Debtor. | § § § § § | |
| -------------------------------------------------- DAVID WHEELER, FRANCINE WHEELER, JACQUELINE BARDEN, MARK BARDEN, NICOLE HOCKLEY, IAN HOCKLEY, JENNIFER HENSEL, DONNA SOTO, CARLEE SOTO-PARISI, CARLOS M. SOTO, JILLIAN SOTO MARINO, WILLIAM ALDENBERG, WILLIAM SHERLACH, ROBERT PARKER, AND RICHARD M. COAN, as chapter 7 trustee for the estate of ERICA LAFFERTY, | § § § § § § § § § § § § § § § § | Adv. Proc. No. 23-3037 |
| Plaintiffs, | § § | |
| v. | § § | |
| ALEXANDER E. JONES | § § § | |
| Defendant. | § § | |

**DEFENDANT ALEXANDER E. JONES'S ORIGINAL ANSWER TO PLAINTIFFS' COMPLAINT**

For his Original Answer and Defenses to the Adversary Complaint Seeking Judgment that Sandy Hook Judgment is Non-Dischargeable Under Bankruptcy Code § 523(a), by Plaintiffs David Wheeler, Francine Wheeler, Jacqueline Barden, Mark Barden, Nicole Hockley, Ian Hockley, Jennifer Hensel, Donna Soto, Carlee Soto-Parisi, Carlos M. Soto, Jillian Soto Marino,

1

William Aldenberg, William Sherlach, Robert Parker, and Richard M. Coan, as chapter 7 trustee for the Estate of Erica Lafferty ("Plaintiffs"), Defendant[1] Alexander E. Jones states as follows:

## INTRODUCTION

1. Defendant admits that on December 14, 2012, Adam Lanza murdered twenty children and six educators at Sandy Hook Elementary School in Newtown, Connecticut. Defendant further admits that he did sincerely question the official narrative surrounding the Sandy Hook shooting for some time. Defendant further admits that the quotes attributed to him and referenced in paragraph 1 of Plaintiffs' Complaint speak for themselves. Defendant denies the remaining allegations contained in paragraph 1 of Plaintiffs' Complaint.

2. Defendant admits that the relief Plaintiffs seek in their Complaint speaks for itself. Defendant further admits that on December 14, 2012, Adam Lanza murdered twenty children and six educators at Sandy Hook Elementary School in Newtown, Connecticut. Defendant further admits Plaintiffs are immediate family members of the victims of, and an emergency responder to, the Sandy Hook shooting. Defendant further admits that the verdict and judgments rendered in the Connecticut Action[2] speak for themselves. Defendant denies the remaining allegations contained in paragraph 2 of Plaintiffs' Complaint.

3. Defendant denies the allegations in paragraph 3 of Plaintiffs' Complaint.

4. Defendant admits that on December 14, 2012, Adam Lanza murdered twenty children and six educators at Sandy Hook Elementary School in Newtown, Connecticut. Defendant

---

[1] Plaintiffs originally brought this adversary proceeding against Defendant Jones and Free Speech Systems, LLC ("FSS"). The same Plaintiffs brought an identical adversary proceeding against Defendant Jones and FSS in FSS's bankruptcy proceeding as well. *See Wheeler v. Free Speech Systems, LLC* (*In re Free Speech Systems, LLC*), Case No. 22-60043, Adv. No. 23-3036 (Bankr. S.D. Tex.). Plaintiffs subsequently agreed to dismiss FSS without prejudice from this proceeding (Doc. 39), which the Court granted (Doc. 40). Thus, FSS is no longer a party to this adversary proceeding, but the Complaint was drafted when it was, and most of the allegations are addressed to both Jones and FSS as the "Debtors." Defendant Jones just wants to note this procedural history for the Court, as he is not responding on behalf of FSS in this pleading.

[2] Defined terms used, but not defined herein, have the meanings ascribed to them in Plaintiffs' Complaint (Doc. 1).

further admits that he did sincerely question the official narrative surrounding the Sandy Hook shooting for some time. Defendant denies the remaining allegations contained in paragraph 4 of Plaintiffs' Complaint.

5.     Defendant admits that he sells supplements as part of his business. Defendant denies the remaining allegations in paragraph 5 of Plaintiffs' Complaint.

6.     Defendant does not have sufficient information or knowledge to specifically admit or deny the allegations in paragraph 6 of Plaintiffs' Complaint, and therefore denies such allegations.

7.     Defendant admits that he defended himself during the Connecticut Action until the court entered default against him as to liability. After the default was entered, Defendant did not get to defend himself as to liability in the Connecticut Action. Defendant further admits that the trial court issued sanctions against him. Defendant further admits that the quotes referenced in paragraph 7 of Plaintiffs' Complaint speaks for themselves. Defendant denies the remaining allegations in paragraph 7 of Plaintiffs' Complaint.

8.     Defendant admits that the Connecticut trial court entered a default judgment against him as to liability and that he was not allowed to actually litigate the issues of liability. Defendant denies the remaining allegations in paragraph 8 of Plaintiffs' Complaint.

9.     Defendant admits that the Connecticut trial court conducted a trial on damages, not liability, where Defendant Jones and Plaintiffs testified. Defendant admits that the jury awarded $965 million in compensatory damages and approved common law punitive damages. Defendant admits that the language quoted from the court's order on punitive damages speaks for itself. Defendant further admits that the trial court awarded $470 million in punitive damages. Defendant

notes that he is appealing several legal errors from the Connecticut Action. Defendant denies the remaining allegations in paragraph 9 of Plaintiffs' Complaint.

10. Defendant admits that 11 U.S.C. § 523(a)(6) speaks for itself. Defendant denies the remaining allegations in paragraph 10 of Plaintiffs' Complaint.

11. Defendant denies the allegations in paragraph 11 of Plaintiffs' Complaint.

12. Defendant denies the allegations in paragraph 12 of Plaintiffs' Complaint.

## JURISDICTION AND VENUE

13. Defendant admits the allegations in paragraph 13 of Plaintiffs' Complaint.

14. Defendant admits the allegations in paragraph 14 of Plaintiffs' Complaint.

## PARTIES

15. Defendant does not have sufficient information or knowledge to specifically admit or deny the allegations in paragraph 15 of Plaintiffs' Complaint, and therefore denies such allegations.

16. Defendant does not have sufficient information or knowledge to specifically admit or deny the allegations in paragraph 16 of Plaintiffs' Complaint, and therefore denies such allegations.

17. Defendant does not have sufficient information or knowledge to specifically admit or deny the allegations in paragraph 17 of Plaintiffs' Complaint, and therefore denies such allegations.

18. Defendant does not have sufficient information or knowledge to specifically admit or deny the allegations in paragraph 18 of Plaintiffs' Complaint, and therefore denies such allegations.

19. Defendant does not have sufficient information or knowledge to specifically admit or deny the allegations in paragraph 19 of Plaintiffs' Complaint, and therefore denies such allegations.

20. Defendant does not have sufficient information or knowledge to specifically admit or deny the allegations in paragraph 20 of Plaintiffs' Complaint, and therefore denies such allegations.

21. Defendant does not have sufficient information or knowledge to specifically admit or deny the allegations in paragraph 21 of Plaintiffs' Complaint, and therefore denies such allegations.

22. Defendant does not have sufficient information or knowledge to specifically admit or deny the allegations in paragraph 22 of Plaintiffs' Complaint, and therefore denies such allegations.

23. Defendant does not have sufficient information or knowledge to specifically admit or deny the allegations in paragraph 23 of Plaintiffs' Complaint, and therefore denies such allegations.

24. Defendant does not have sufficient information or knowledge to specifically admit or deny the allegations in paragraph 24 of Plaintiffs' Complaint, and therefore denies such allegations.

25. Defendant admits that he is the debtor in Case No. 22-33553 (CML) before this Court, a defendant in the three consolidated cases in Connecticut, and currently resides in Austin, Texas. Defendant denies the remaining allegations in paragraph 25 of Plaintiffs' Complaint.

26. As noted above, FSS is no longer a defendant in this action. Defendant's responses in this Answer are made only in his individual capacity and not for FSS.

## **RELEVANT CONTENTS OF THE CONNECTICUT RECORD[3]**

27. Defendant admits that the Connecticut trial court entered a default judgment against him as to liability and that he was not allowed to actually litigate the issues of liability. Defendant further admits that the trial court issued sanctions against him. Defendant further admits that the record in the Connecticut Action speaks for itself. Defendant denies the remaining allegations in paragraph 27 of Plaintiffs' Complaint.

28. Defendant denies the allegations in paragraph 28 of Plaintiffs' Complaint.

29. Defendant admits that he sells supplements as part of his business. Defendant further admits that he resides in Austin, Texas. Defendant denies the remaining allegations in paragraph 29 of Plaintiffs' Complaint.

30. Defendant admits that he is the host of "The Alex Jones Show." Defendant denies the remaining allegations in paragraph 30 of Plaintiffs' Complaint.

31. Defendant admits that the taglines referenced in paragraph 31 of Plaintiffs' Complaint speak for themselves. Defendant denies the remaining allegations in paragraph 31 of Plaintiffs' Complaint.

32. Defendant admits that the quotes referenced in paragraph 32 of Plaintiffs' Complaint speaks for themselves. Defendant denies the remaining allegations in paragraph 32 of Plaintiffs' Complaint.

33. Defendant admits the allegations in paragraph 33 of Plaintiffs' Complaint.

34. Defendant admits that he did sincerely question the official narrative surrounding the Sandy Hook shooting for some time. Defendant admits that the headline referenced in

---

[3] Defendant is including this heading to make it easier for Plaintiffs and the Court to follow his responses to Plaintiffs' allegations. By including the heading in his Answer, Defendant is not conceding that anything in the Connecticut record is relevant to this proceeding.

paragraph 34 of Plaintiffs' Complaint speaks for itself. Defendant denies the remaining allegations in paragraph 34 of Plaintiffs' Complaint.

35. Defendant admits that the email referenced in paragraph 35 of Plaintiffs' Complaint speaks for itself. Defendant denies the remaining allegations in paragraph 35 of Plaintiffs' Complaint.

36. Defendant admits that Plaintiff Robert Parker made a press statement the day after the shooting. Defendant further admits that he did sincerely question the official narrative surrounding the Sandy Hook shooting for some time. Defendant admits that the episode referenced in paragraph 36 of Plaintiffs' Complaint speaks for itself. Defendant further admits that the article referenced in paragraph 36 of Plaintiffs' Complaint speaks for itself. Defendant denies the remaining allegations in paragraph 36 of Plaintiffs' Complaint.

37. Defendant admits that he did sincerely question the official narrative surrounding the Sandy Hook shooting for some time. Defendant further admits that the video referenced in paragraph 37 of Plaintiffs' Complaint speaks for itself. Defendant denies the remaining allegations in paragraph 37 of Plaintiffs' Complaint.

38. Defendant admits that the content of the email referenced in paragraph 38 speaks for itself. Defendant denies the remaining allegations contained in paragraph 38 of Plaintiffs' Complaint.

39. Defendant admits that he did sincerely question the official narrative surrounding the Sandy Hook shooting for some time. Defendant further admits that his beliefs surrounding the veracity of the official narrative were influenced by Steve Pieczenik and Wolfgang Halbig. Defendant denies the remaining allegations in paragraph 39 of Plaintiffs' Complaint.

40. Defendant admits that he did sincerely question the official narrative surrounding the Sandy Hook shooting for some time. Defendant further admits that his beliefs surrounding the veracity of the official narrative were influenced by Steve Pieczenik. Defendant further admits that the broadcast referenced in paragraph 40 of Plaintiffs' Complaint speaks for itself. Defendant denies the remaining allegations in paragraph 40 of Plaintiffs' Complaint.

41. Defendant admits that he did sincerely question the official narrative surrounding the Sandy Hook shooting for some time. Defendant further admits that his beliefs surrounding the veracity of the official narrative were influenced by Wolfgang Halbig. Defendant further admits that the broadcast referenced in paragraph 41 of Plaintiffs' Complaint speaks for itself. Defendant denies the remaining allegations in paragraph 41 of Plaintiffs' Complaint.

42. Defendant admits that he did sincerely question the official narrative surrounding the Sandy Hook shooting for some time. Defendant further admits that his beliefs surrounding the veracity of the official narrative were influenced by Wolfgang Halbig. Defendant further admits that the broadcast referenced in paragraph 42 of Plaintiffs' Complaint speaks for itself. Defendant denies the remaining allegations in paragraph 42 of Plaintiffs' Complaint.

43. Defendant admits that he did sincerely question the official narrative surrounding the Sandy Hook shooting for some time. Defendant further admits that his beliefs surrounding the veracity of the official narrative were influenced by Steve Pieczenik. Defendant further admits that the broadcast referenced in paragraph 43 of Plaintiffs' Complaint speaks for itself. Defendant denies the remaining allegations in paragraph 43 of Plaintiffs' Complaint.

44. Defendant denies the allegations in paragraph 44 of Plaintiffs' Complaint as they relate to him.

45. Defendant admits that he did sincerely question the official narrative surrounding the Sandy Hook shooting for some time. Defendant further admits that the quoted language from the radio show referenced in paragraph 45 of Plaintiffs' Complaint speaks for itself. Defendant denies the remaining allegations in paragraph 45 of Plaintiffs' Complaint.

46. Defendant admits that he did sincerely question the official narrative surrounding the Sandy Hook shooting for some time. Defendant further admits that the quoted language from the radio show referenced in paragraph 46 of Plaintiffs' Complaint speaks for itself. Defendant denies the remaining allegations in paragraph 46 of Plaintiffs' Complaint.

47. Defendant admits that he did sincerely question the official narrative surrounding the Sandy Hook shooting for some time. Defendant further admits that his beliefs surrounding the veracity of the official narrative were influenced by Wolfgang Halbig. Defendant further admits that the broadcast referenced in paragraph 47 of Plaintiffs' Complaint speaks for itself. Defendant denies the remaining allegations in paragraph 47 of Plaintiffs' Complaint.

48. Defendant admits that he did sincerely question the official narrative surrounding the Sandy Hook shooting for some time. Defendant denies the remaining allegations in paragraph 48 of Plaintiffs' Complaint.

49. Defendant admits that the trial transcript referenced in paragraph 49 of Plaintiffs' Complaint speaks for itself. Defendant denies the remaining allegations in paragraph 49 of Plaintiffs' Complaint.

50. Defendant denies the allegations in paragraph 50 of Plaintiffs' Complaint.

51. Defendant denies the allegations in paragraph 51 of Plaintiffs' Complaint.

52. Defendant admits that the quoted language attributed to him referenced in paragraph 52 of Plaintiffs' Complaint speaks for itself. Defendant denies the remaining allegations in paragraph 52 of Plaintiffs' Complaint.

53. Defendant admits that the testimony referenced in paragraph 53 of Plaintiffs' Complaint speaks for itself. Defendant denies the remaining allegations in paragraph 53 of Plaintiffs' Complaint.

54. Defendant admits that the testimony referenced in paragraph 54 of Plaintiffs' Complaint speaks for itself. Defendant does not have sufficient information or knowledge to specifically admit or deny the allegations in paragraph 54 of Plaintiffs' Complaint as they relate to the "physical confrontation and harassment, death threats, and a sustained barrage of verbal assault on social media," and therefore denies such allegations. Defendant denies the remaining allegations in paragraph 54 of Plaintiffs' Complaint.

55. Defendant admits that the testimony referenced in paragraph 55 of Plaintiffs' Complaint speaks for itself. Defendant does not have sufficient information or knowledge to specifically admit or deny the allegations in paragraph 55 of Plaintiffs' Complaint as they relate to the "harassment of the Sandy Hook Families often threatened violence, including death and rape threats," and therefore denies such allegations. Defendant denies the remaining allegations in paragraph 55 of Plaintiffs' Complaint.

56. Defendant admits that Plaintiff Carlee Soto-Parisi's sister, Victoria, was killed in the Sandy Hook shooting trying to protect her students from the shooter. Defendant further admits that Ms. Soto-Parisi's testimony referenced in paragraph 56 of Plaintiffs' Complaint speaks for itself. Defendant denies the remaining allegations in paragraph 56 of Plaintiffs' Complaint.

57. Defendant admits that the testimony referenced in paragraph 57 of Plaintiffs' Complaint speaks for itself. Defendant denies the remaining allegations in paragraph 57 of Plaintiffs' Complaint.

58. Defendant admits that the testimony referenced in paragraph 58 of Plaintiffs' Complaint speaks for itself. Defendant denies the remaining allegations in paragraph 58 of Plaintiffs' Complaint.

59. Defendant admits that the testimony referenced in paragraph 59 of Plaintiffs' Complaint speaks for itself. Defendant denies the remaining allegations in paragraph 59 of Plaintiffs' Complaint.

60. Defendant admits the allegations in paragraph 60 of Plaintiffs' Complaint.[4]

61. Defendant admits the allegations in paragraph 61 of Plaintiffs' Complaint.

62. Defendant admits the allegations in paragraph 62 of Plaintiffs' Complaint.

63. Defendant denies the allegations in paragraph 63 of Plaintiffs' Complaint.

64. Defendant admits that the docket illustrating the procedural history in the Connecticut Action speaks for itself. Defendant denies the remaining allegations in paragraph 64 of Plaintiffs' Complaint.

65. Defendant admits that the quoted language referenced in paragraph 65 of Plaintiffs' Complaint speaks for itself. Defendant denies the remaining allegations in paragraph 65 of Plaintiffs' Complaint.

---

[4] Defendant notes that Plaintiff alleges one of the cases that form the Connecticut Action, *Sherlach v. Jones*, UWY-CV-18-6046437-S, was filed in January 2019. However, that case was filed on July 6, 2018. Defendant nonetheless admits that such action was filed.

66. Defendant admits that the court order referenced in paragraph 66 of Plaintiffs' Complaint speaks for itself. Defendant denies the remaining allegations in paragraph 66 of Plaintiffs' Complaint.

67. Defendant admits that the court order referenced in paragraph 67 of Plaintiffs' Complaint speaks for itself. Defendant denies the remaining allegations in paragraph 67 of Plaintiffs' Complaint.

68. Defendant admits that the court order referenced in paragraph 68 of Plaintiffs' Complaint speaks for itself. Defendant denies the remaining allegations in paragraph 68 of Plaintiffs' Complaint.

69. Defendant admits that the Connecticut Action returned to the trial court after review by the Connecticut Supreme Court. Defendant denies the remaining allegations in paragraph 69 of Plaintiffs' Complaint.

70. Defendant admits that the court order referenced in paragraph 70 of Plaintiffs' Complaint speaks for itself. Defendant denies the remaining allegations in paragraph 70 of Plaintiffs' Complaint.

71. Defendant admits that the Court imposed sanctions against Defendant for violations of the protective order. Defendant further admits that the court order referenced in paragraph 71 of Plaintiffs' Complaint speaks for itself. Defendant denies the remaining allegations in paragraph 71 of Plaintiffs' Complaint.

72. Defendant admits that the court order referenced in paragraph 72 of Plaintiffs' Complaint speaks for itself. Defendant denies the remaining allegations in paragraph 72 of Plaintiffs' Complaint.

73. Defendant admits that the court order referenced in paragraph 73 of Plaintiffs' Complaint speaks for itself. Defendant denies the remaining allegations in paragraph 73 of Plaintiffs' Complaint.

74. Defendant admits that the court order referenced in paragraph 74 of Plaintiffs' Complaint speaks for itself. Defendant further admits that the court transcript referenced in paragraph 74 of Plaintiffs' Complaint speaks for itself. Defendant denies the remaining allegations in paragraph 74 of Plaintiffs' Complaint.

75. Defendant admits that Plaintiffs filed a motion for default judgment. Defendant further admits that Defendant opposed it. Defendant further admits that the docket in the Connecticut Action speaks for itself. Defendant denies the remaining allegations in paragraph 75 of Plaintiffs' Complaint.

76. Defendant admits that the court order referenced in paragraph 76 of Plaintiffs' Complaint speaks for itself. Defendant denies the remaining allegations in paragraph 76 of Plaintiffs' Complaint.

77. Defendant admits that the court order referenced in paragraph 77 of Plaintiffs' Complaint speaks for itself. Defendant denies the remaining allegations in paragraph 77 of Plaintiffs' Complaint.

78. Defendant admits that the court order referenced in paragraph 78 of Plaintiffs' Complaint speaks for itself. Defendant further admits to filing a notice of defense. Defendant further admits that the court in the Connecticut Action prohibited him from contesting liability and actually litigating the case against him. Defendant denies the remaining allegations in paragraph 78 of Plaintiffs' Complaint.

79. The allegations in paragraph 79 of Plaintiffs' Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 79 of Plaintiffs' Complaint.

80. Defendant admits that after the court entered default judgment against him in the Connecticut Action, the case proceeded to trial on damages. Defendant denies the remaining allegations in paragraph 80 of Plaintiffs' Complaint.

81. Defendant admits that the trial transcript referenced in paragraph 81 of Plaintiffs' Complaint speaks for itself. Defendant denies the remaining allegations in paragraph 81 of Plaintiffs' Complaint.

82. Defendant admits that his trial counsel was present throughout the trial. Defendant admits that his counsel was allowed to cross-examine Plaintiffs regarding damages. Defendant's counsel was not allowed to mount a defense regarding liability. Defendant denies the remaining allegations in paragraph 82 of Plaintiffs' Complaint.

83. Defendant admits that the jury charge referenced in paragraph 83 of Plaintiffs' Complaint speaks for itself. Defendant further admits that he did not get the chance to actually litigate the issues of liability. Defendant denies the remaining allegations in paragraph 83 of Plaintiffs' Complaint.

84. Defendant admits that the jury awarded $965 million in compensatory damages. Defendant further admits that the jury's verdict was based on the already-established liability that Defendant was not allowed to actually litigate. Defendant further admits that the jury charge speaks for itself. Defendant denies the remaining allegations in paragraph 84 of Plaintiffs' Complaint.

85. Defendant admits the docket illustrating the procedural history in the Connecticut Action speaks for itself. Defendant further admits that Plaintiffs' opening brief referenced in

paragraph 85 of Plaintiffs' Complaint speaks for itself. Defendant further admits that the Connecticut law regarding punitive damages referenced in paragraph 85 of Plaintiffs' Complaint speaks for itself. Defendant denies the remaining allegations in paragraph 85 of Plaintiffs' Complaint.

86. Defendant admits that Plaintiffs' opening brief referenced in paragraph 86 of Plaintiffs' Complaint speaks for itself. Defendant denies the remaining allegations in paragraph 86 of Plaintiffs' Complaint.

87. Defendant admits that Plaintiffs' opening brief referenced in paragraph 87 of Plaintiffs' Complaint speaks for itself. Defendant denies the remaining allegations in paragraph 87 of Plaintiffs' Complaint.

88. Defendant admits that Plaintiffs' opening brief referenced in paragraph 88 of Plaintiffs' Complaint speaks for itself. Defendant denies the remaining allegations in paragraph 88 of Plaintiffs' Complaint.

89. Defendant admits that his brief on punitive damages referenced in paragraph 89 of Plaintiffs' Complaint speaks for itself. Defendant denies the remaining allegations in paragraph 89 of Plaintiffs' Complaint.

90. Defendant admits that the court order referenced in paragraph 90 of Plaintiffs' Complaint speaks for itself. Defendant denies the remaining allegations in paragraph 90 of Plaintiffs' Complaint.

91. Defendant admits that the court order referenced in paragraph 91 of Plaintiffs' Complaint speaks for itself. Defendant denies the remaining allegations in paragraph 91 of Plaintiffs' Complaint.

92. Defendant admits that the court order referenced in paragraph 92 of Plaintiffs' Complaint speaks for itself. Defendant denies the remaining allegations in paragraph 92 of Plaintiffs' Complaint.

93. Defendant admits that the court order referenced in paragraph 93 of Plaintiffs' Complaint speaks for itself. Defendant denies the remaining allegations in paragraph 93 of Plaintiffs' Complaint.

94. Defendant admits that the court order referenced in paragraph 94 of Plaintiffs' Complaint speaks for itself. Defendant denies the remaining allegations in paragraph 94 of Plaintiffs' Complaint.

95. Defendant admits that the court order referenced in paragraph 95 of Plaintiffs' Complaint speaks for itself. Defendant denies the remaining allegations in paragraph 95 of Plaintiffs' Complaint.

96. Defendant admits that the court order referenced in paragraph 96 of Plaintiffs' Complaint speaks for itself. Defendant denies the remaining allegations in paragraph 96 of Plaintiffs' Complaint.

97. Defendant admits that the court order referenced in paragraph 97 of Plaintiffs' Complaint speaks for itself. Defendant denies the remaining allegations in paragraph 97 of Plaintiffs' Complaint.

98. Defendant admits that the court order referenced in paragraph 98 of Plaintiffs' Complaint speaks for itself. Defendant denies the remaining allegations in paragraph 98 of Plaintiffs' Complaint.

99. Defendant admits the allegations in paragraph 99 of Plaintiffs' Complaint.

100. Defendant admits that the judgment from the Connecticut Action speaks for itself. Defendant notes that he is appealing several legal errors from the Connecticut Action. Defendant denies the remaining allegations in paragraph 100 of Plaintiffs' Complaint.

101. Defendant admits that the three lawsuits referenced in paragraph 101 of Plaintiffs' Complaint were filed against him in Texas state court. Defendant further admits that a jury entered an award of $4.1 million in compensatory damages and $45.1 million in punitive damages in the Heslin/Lewis Action. Defendant denies the remaining allegations in paragraph 101 of Plaintiffs' Complaint.

## COUNT ONE

**(Declaratory Judgment That the Connecticut Judgment is Nondischargeable Under Section 523(a)(6))**

102. Defendant incorporates the preceding paragraphs of this Answer as if fully set forth herein.

103. Defendant admits that 11 U.S.C. § 523(a)(6) referenced in paragraph 103 of Plaintiffs' Complaint speaks for itself.

104. Defendant admits that 11 U.S.C. § 523(a)(6) and the Fifth Circuit case quoted in paragraph 104 of Plaintiffs' Complaint speak for themselves.

105. Defendant denies the allegations in paragraph 105 of Plaintiffs' Complaint.

106. Defendant denies the allegations in paragraph 106 of Plaintiffs' Complaint.

107. Defendant denies the allegations in paragraph 107 of Plaintiffs' Complaint.

108. Defendant denies the allegations in paragraph 108 of Plaintiffs' Complaint.

With respect to Plaintiffs' prayer for relief, Defendant denies that Plaintiffs are entitled to any relief.

## **AFFIRMATIVE DEFENSES**

Pursuant to Federal Rule of Civil Procedure 12(b), Defendant asserts the following affirmative defenses. As discovery is still ongoing, Defendant specifically reserves any and all legal defenses and arguments that may be applicable.

1. Plaintiffs have failed to state a claim upon which relief can be granted.

2. Plaintiffs have failed to plead or prove all required facts for each Plaintiff under § 523(a)(6).

3. To the extent Plaintiffs' claims for nondischargeability are based on Defendant's alleged defamatory statements, such statements constituted Defendant's opinion.

4. The judgments are unconstitutional.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

Dated: May 5, 2023.

        Respectfully submitted,

        **CROWE & DUNLEVY, P.C.**

        */s/ Christina W. Stephenson*
        Vickie L. Driver
        State Bar No. 24026886
        Christina W. Stephenson
        State Bar No. 24049535
        2525 McKinnon Avenue, Suite 425
        Dallas, TX 75201
        Telephone: 737- 218-6187
        dallaseservice@crowedunlevy.com

        -AND-

        J. Christopher Davis
        Oklahoma Bar #16629 (admitted *pro hac vice*)
        Deric J. McClellan
        Oklahoma Bar # 32827 (admitted *pro hac vice*)
        222 N. Detroit Ave., Suite 600
        Tulsa, Oklahoma 74120
        Telephone: 737- 218-6187
        dallaseservice@crowedunlevy.com

        **COUNSEL FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

   I hereby certify that on the 5th day of May 2023, a true and correct copy of the foregoing pleading was served via the Court's ECF system to the parties registered to receive electronic notice and/or via electronic mail on the following:

Ryan E. Chapple
**CAIN & SKARNULIS PLLC**
303 Colorado Street, Suite 2850
Austin, Texas 78701
Telephone: (512) 477-5000
Fax: (512) 477-5011
Email: rchapple@cstrial.com
*Counsel to the Sandy Hook Families*

Alinor C. Sterling
**KOSKOFF KOSKOFF & BIEDER PC**
350 Fairfield Avenue
Bridgeport, Connecticut 06604
Telephone: (203) 336-4421
Email: asterling@koskoff.com

Kyle J. Kimpler
Christopher Hopkins
Daniel S. Sinnreich
Daniel A. Negless
Briana P. Sheridan
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Fax: (212) 757-3990
Email: kkimpler@paulweiss.com
Email: chopkins@paulweiss.com
Email: dsinnreich@paulweiss.com
Email: dnegless@paulweiss.com
Email: bsheridan@paulweiss.com
*Counsel to the Sandy Hook Families other than Richard M. Coan, as chapter 7 trustee for the estate of Erica Lafferty*

Eric Henzy
**ZEISLER & ZEISLER, PC**
10 Middle Street, 15th Floor
Bridgeport, Connecticut 06604
Telephone: (203) 368-5495
Email: ehenzy@zeislaw.com
*Counsel to Richard M. Coan, as chapter 7 trustee for the estate of Erica Lafferty*

   */s/ Christina W. Stephenson*
   Christina W. Stephenson