# EXHIBIT 9

|  |  |
|---|---|
|  | ORDER   421277 |
| DOCKET NO: UWYCV186046436S | SUPERIOR COURT |
| LAFFERTY, ERICA Et Al<br>  V.<br>JONES, ALEX EMRIC Et Al | JUDICIAL DISTRICT OF WATERBURY<br>   AT WATERBURY<br>8/5/2021 |

<u>ORDER</u>

ORDER REGARDING:
07/06/2021 394.00 MOTION FOR ORDER

The foregoing, having been considered by the Court, is hereby:

ORDER:

By written stipulation, and unless the court orders otherwise, parties can agree to modify discovery procedures. See Connecticut Practice Book Section 13-32. In these consolidated cases, the defendants Alex Jones, Free Speech Systems, LLC, Infowars, LLC, Infowars Health, LLC, and Prison Planet TV, LLC ("the Jones defendants") did just that. Additionally, they took their agreement with the plaintiffs a step further and asked the court to issue a protective order pursuant to Practice Book Section 13-5 and approve their joint discovery stipulation. The Jones defendants filed no less than three versions of a proposed protective order for the court's approval, see entry numbers 177,181,183, and 185, asserting that they were asking for the same discovery protection that would have been in place in federal court had the cases not been remanded back to state court. They indicated, correctly, that discovery materials are not filed with the court and as such are not ordinarily available to the public. The court ultimately approved the stipulation of the parties, which complied with all relevant requirements of the Connecticut Practice Book and which, inter alia, set forth the procedure by which sensitive confidential information obtained through pretrial discovery would be handled and, if necessary, filed with the court. The order provided that of all or part of a deposition transcript could be designated as confidential by counsel for the deponent or designated party, by requesting such treatment on the record at the deposition or in writing no later than thirty days after the date of the deposition. It set forth simple procedures by which the designation of "confidential" could be subsequently challenged, and how confidential information could be filed with the court. Importantly for the purposes of this motion, the protective order clearly prohibited discovery information designated as confidential from being filed with the court until such time that the court had ruled on the designating party's motion under Practice Book Section 11-20A. The Jones defendants did not oppose the plaintiffs' June 8,2021 motion to modify the protective order, which recited a good cause basis for the modification and which added a "Confidential- Attorneys Eyes Only" designation to the above mentioned procedures. Based upon the written motions filed by the plaintiffs and the Jones defendants, the court, in entering the protective orders, found good cause for both the issuance of the original protective order and its modification. In support of the motion for protective order, the Jones defendants identified their privacy interests in sensitive proprietary information including proprietary business, financial, and competitive information that they maintain as trade secrets, proprietary business and marketing plans, marketing data, web analytics, sales analytics, and/or other web traffic data, and marketing data or analytics. They referred to the "unique" business model that makes them competitive and successful. The plaintiffs, in support of the modification to the protective order, identified their privacy interests in their medical histories, psychiatric records,and private social media accounts. In the midst of taking the first deposition of a plaintiff, the defendants Free Speech Systems LLC, Infowars LLC, Infowars Health LLC, and Prison Planet TV LLC (Infowars),filed a motion to depose Hillary Clinton, using deposition testimony that had just been designated as "Confidential-Attorneys Eyes Only," and completely disregarding the court ordered procedures. At no point prior to filing the Clinton motion did Infowars profess ignorance of the procedures they had proposed and which were court ordered to be followed, nor have they since taken

any steps to correct their improper filing. If Infowars was of the opinion that the plaintiffs' designation was unreasonable and not made in good faith, the solution was to follow the court ordered procedure to challenge the designation, not to blatantly disregard it and make the confidential information available on the internet by filing it in the court file. The court rejects Infowars' baseless argument that there was no good cause to issue the protective orders, where both sides recited, in writing, detailed justification for a good cause basis. In short, Infowars, having advocated for a court ordered protective order, filing no less than three versions, having recited in writing the good cause bases for the issuance of the protective order, and having no objection to the plaintiffs' proposed modification, now takes the absurd position that the court ordered protective order circumvents the good cause requirements of Practice Book 13-5, did not need to be complied with, and should not be enforced by the court. This argument is frightening. Given the cavalier actions and willful misconduct of Infowars in filing protected deposition information during the actual deposition, this court has grave concerns that their actions, in the future, will have a chilling effect on the testimony of witnesses who would be rightfully concerned that their confidential information, including their psychiatric and medical histories, would be made available to the public. The court will address sanctions at a future hearing.

Judicial Notice (JDNO) was sent regarding this order.

421277

Judge: BARBARA N BELLIS

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.