# EXHIBIT 10

| | |
|---|---|
| DOCKET NO: UWYCV186046436S | ORDER   421277<br>SUPERIOR COURT |
| LAFFERTY, ERICA Et Al<br>  V.<br>JONES, ALEX EMRIC Et Al | JUDICIAL DISTRICT OF WATERBURY<br>   AT WATERBURY |
| | 8/6/2021 |

<u>ORDER</u>

ORDER REGARDING:
07/27/2021 428.00 MOTION FOR ORDER

The foregoing, having been considered by the Court, is hereby:

ORDER:

On November 6,2020, the defendants Alex Jones, Infowars LLC, Free Speech Systems LLC,, Infowars Health LLC and Prison Planet TV LLC (the defendants) filed a motion for protective order, objecting to the notice of videotaped deposition of Melinda Flores, the current manager of accounting at Free Speech System LLC (FSS) and objecting to each of the production requests served along with the notice of deposition. Production Request #7 asked for "(a)ny and all subsidiary ledgers for each account listed in the Trial balances produced in response to Request No. 6 above." The objection to Production Request #7 stated as follows: "This request is overbroad, irrelevant, and disproportionate to the needs of the case. This request is unrelated to any claim or defense raised in the action or the elements thereof. The trial balances of FSS will not lead to the discovery of admissible evidence and are not themselves admissible for any purpose. It is unduly burdensome as it requires digging through eight years of accounting. This request serves only to invade the privacy of the deponent and is harassing and oppressive to the deponent." The defendants did not raise any objection that the request itself, or the term subsidiary ledgers, was in any way confusing or unclear, which is a typical basis for a discovery objection. The court overruled the objection on April 29,2021. On May 6, 2021, the court ordered the deposition of Flores to take place by June 4, 2021 and ordered the documents to be produced by the close of business on May 14,2021.The court stated in writing that failure to comply with the order may result in sanctions. The subsidiary ledger information also referred to as account detail was easily accessible to Flores, by clicking on each general account. Despite the court orders,and although the information exists, is maintained by FSS, and could have been produced by Flores as was required by the court orders, the documents were not produced. The court rejects the statement of the accountant retained by FSS that FSS does not "maintain or utilize" subsidiary ledgers as not credible in light of the circumstances. There is no excuse for the defendants' disregard of not only their discovery obligations, but the two court orders. The court finds that the failure to comply with the production request has prejudiced the plaintiffs their ability to both prosecute their claims and conduct further depositions in a meaningful manner.

Judicial Notice (JDNO) was sent regarding this order.

421277

Judge: BARBARA N BELLIS

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.