# EXHIBIT 23

| | |
|---|---|
| DOC. NO.: X06-UWY-CV-18-6046436-S | SUPERIOR COURT |
| ERICA LAFFERTY | JUDICIAL DISTRICT OF WATERBURY |
| v. | COMPLEX LITIGATION DOCKET |
| ALEX EMRIC JONES, ET AL. | DECEMBER 22, 2022 |

| | |
|---|---|
| DOC. NO.: X06-UWY-CV-18-6046437-S | SUPERIOR COURT |
| WILLIAM SHERLACH | JUDICIAL DISTRICT OF WATERBURY |
| v. | COMPLEX LITIGATION DOCKET |
| ALEX JONES, ET AL. | DECEMBER 22, 2022 |

| | |
|---|---|
| DOC. NO.: X06-UWY-CV-18-6046438-S | SUPERIOR COURT |
| WILLIAM SHERLACH | JUDICIAL DISTRICT OF WATERBURY |
| v. | COMPLEX LITIGATION DOCKET |
| ALEX EMRIC JONES, ET AL. | DECEMBER 22, 2022 |

MEMORANDUM OF DECISION

The defendants move to set aside the verdict and for remittitur pursuant to General Statutes § 52-228b and Practice Book § 16-35.[i] Section 52-228b provides in relevant part: "No verdict in any civil action involving a claim for money damages may be set aside except on

---

[i] Practice Book § 16-35 provides in relevant part: "[M]otions to set aside a verdict, motions for remittitur . . . motions for new trials, unless brought by petition served on the adverse party or parties . . . must be filed with the clerk within ten days after the day the verdict is accepted . . . . Such motions shall state the specific grounds upon which counsel relies."

written motion by a party to the action, stating the reasons relied upon in its support . . . . No such verdict may be set aside solely on the ground that the damages are excessive unless the prevailing party has been given an opportunity to have the amount of the judgment decreased by so much thereof as the court deems excessive. . . ." The defendants also rely on General Statutes § 52-216a, which provides in relevant part: "If the court at the conclusion of the trial concludes that the verdict is excessive as a matter of law, it shall order a remittitur and, upon failure of the party so ordered to remit the amount ordered by the court, it shall set aside the verdict and order a new trial. . . ."

## MOTION FOR REMITTITUR

"In determining whether to order remittitur, the trial court is required to review the evidence in the light most favorable to sustaining the verdict. . . . Upon completing that review, the court should not interfere with the jury's determination except when the verdict is plainly excessive or exorbitant. . . . The ultimate test which must be applied to the verdict by the trial court is whether the jury's award falls somewhere within the necessarily uncertain limits of just damages or whether the size of the verdict so shocks the sense of justice as to compel the conclusion that the jury [was] influenced by partiality, prejudice, mistake or corruption. . . . The court's broad power to order a remittitur should be exercised only when it is manifest that the jury [has] included items of damage which are contrary to law, not supported by proof, or contrary to the court's explicit and unchallenged instructions." (Citation omitted; internal quotation marks omitted.) *Saleh* v. *Ribeiro Trucking, LLC*, 303 Conn. 276, 281, 32 A.3d 318 (2011).

"We acknowledge that the 'shocks the sense of justice' standard provides vague guidance at best—due, in part, to the uncertain limits of noneconomic damages. The language is intended

to convey the extraordinary departure from reasonableness that is required before a court properly may exercise its authority to set aside the jury's award of damages. We have in the past stated what will *not* be sufficient to support a trial court's decision to set aside the jury's damages award and order a remittitur: The fact that the jury returns a verdict in excess of what the trial judge would have awarded does not alone establish that the verdict was excessive. . . . Regarding what *will* be sufficient to support an order of remittitur, we have stated that a trial court should exercise its discretion to order remittitur only in cases where very clear, definite and satisfactory reasons can be given for such interference. . . . For a trial court's remittitur order to be justified . . . we have stated that we must have laid before us a very clear and striking case of indubitable wrong, so clear and striking as to indicate the influence of undue sympathy, prejudice or corruption on the verdict." (Citations omitted; emphasis in original; internal quotation marks omitted.) Id., 282-83. "[A] court should exercise its authority to order a remittitur rarely—only in the most exceptional of circumstances." Id., 280.

"A conclusion that the jury exercised merely poor judgment is an insufficient basis for ordering a remittitur. . . . The fact that the jury returns a verdict in excess of what the trial judge would have awarded does not alone establish that the verdict was excessive. . . . [T]he court should not act as the seventh juror with absolute veto power. Whether the court would have reached a different [result] is not in itself decisive. . . . The court's proper function is to determine whether the evidence, reviewed in a light most favorable to the prevailing party, reasonably supports the jury's verdict." (Internal quotation marks omitted.) *First American Title Ins. Co.* v. *273 Water Street, LLC*, 157 Conn. App. 23, 52-53, 117 A.3d 857 (2015).

3


The defendants take the position, in a conclusory manner unsupported by any evidence or caselaw, that the verdict was "exorbitant" and the result of "passion and prejudice." [ii],[iii] They argue- again, unsupported by any law- that due process requires that the plaintiffs are responsible for establishing what they think would make them whole--that is, that the plaintiffs should have been required to offer evidence as to the amount they sought in compensatory damages. As the plaintiffs point out, the defendants cite no transcript, exhibits, or case law to even begin to carry their burden of showing manifest injustice. Here, the overwhelming evidence of the plaintiffs' injuries and damages, in conjunction with the court's instructions on the law, which the jury is presumed to have followed, clearly support the verdicts rendered by the jury. The size of the verdicts, while substantial, does not so shock the sense of justice as to compel the conclusion that the jury was influenced by partiality, prejudice, mistake or corruption, but instead falls within the necessarily uncertain limits of just damages to be determined by the jury. This jury discharged its obligations conscientiously, dutifully, and according to the court's instructions on the law to be applied. This jury was a careful jury whose behavior was beyond reproach; their attention to the evidence and instructions from the court is evident from the specific questions they asked

---

[ii] In contrast, the plaintiffs, in their objection, painstakingly and accurately highlight the evidence submitted in this case, unlike the defendants' conclusory motion.

[iii] "It is well established that [courts] are not obligated to consider issues that are not adequately briefed. . . . Issues are deemed inadequately briefed when they are merely mentioned and not briefed beyond a bare assertion . . . [and] when they . . . consist of conclusory assertions . . . with no mention of relevant authority and minimal or no citations from the record . . . ." (Citation omitted; internal quotation marks omitted.) *Handsome, Inc.* v. *Planning & Zoning Commission*, 317 Conn. 515, 534 n.7, 119 A.3d 541 (2015). "[P]ursuit of so large a number of issues forecloses the opportunity for a fully reasoned discussion of pivotal substantive concerns . . . . Multiplicity hints at lack of confidence in any one [issue] . . . ." (Citation omitted; internal quotation marks omitted.). *LaBow* v. *LaBow*, 65 Conn. App. 210, 211, 782 A.2d 200, cert. denied, 258 Conn. 943, 786 A.2d 430 (2001).
Trial courts are not required to decide issues that have been inadequately briefed in post-trial motions. See, e.g., *Myrick* v. *Jack A. Halprin, Inc.*, Superior Court, judicial district of New Haven, Docket No. CV-10-5033401-S (November 16, 2018, *Wilson, J.*) (motion to set aside verdict); *Parrott* v. *Gunn*, Superior Court, judicial district of New Haven, Docket No. CV-09-5030151-S (January 4, 2012, *Wilson, J.*) (motion to set aside verdict and for additur, noting that plaintiff inadequately briefed issues but choosing to reach them based on defendant's brief); *Dreisch* v. *Burkey*, Superior Court, judicial district of Tolland, Docket No. CV-95-004834-S (December 1, 2011, *Shapiro, J.*) (same); *Pierce* v. *Fales*, Superior Court, judicial district of Middlesex, Docket No. CV-99-088423-S (May 3, 2002, *Shapiro, J.*) (motion to set aside verdict).

regarding both the charge and the evidence. In reviewing the evidence in a light most favorable to sustaining the verdicts, the court finds that the evidence of the devastating harm caused to the plaintiffs through the defendants' continued use of their business platform to spread lies to a massive audience clearly supports the verdicts, and that the verdicts are within the limits of a fair and just award of damages. The defendants' motion for remittitur is denied.

## MOTION TO SET ASIDE THE VERDICT

"The right to a jury trial is fundamental in our judicial system, and . . . the right is one obviously immovable limitation on the legal discretion of the court to set aside a verdict, since the constitutional right of trial by jury includes the right to have issues of fact as to which there is room for a reasonable difference of opinion among fair-minded men passed upon by the jury and not by the court." (Internal quotation marks omitted.) *Wichers* v. *Hatch*, 252 Conn. 174, 188, 745 A.2d 789 (2000). "The trial court possesses inherent power to set aside a jury verdict which, in the court's opinion, is against the law or the evidence." (Internal quotation marks omitted.) *Howard* v. *MacDonald*, 270 Conn. 111, 126, 851 A.2d 1142 (2004). "The trial [court] has a broad legal discretion and [its] action will not be disturbed unless there is a clear abuse. . . . A mere doubt of the adequacy of the verdict is an insufficient basis for such action. . . . A conclusion that the jury exercised merely poor judgment is likewise insufficient. . . .." (Internal quotation marks omitted.) *Wichers* v. *Hatch*, supra, 252 Conn. 187. "A party challenging the validity of the jury's verdict on grounds that there was insufficient evidence to support such a result carries a difficult burden." (Internal quotation marks omitted.) *Gagliano* v. *Advanced Specialty Care, P.C.*, 329 Conn. 745, 754, 189 A.3d 587 (2018). "If the jury could reasonably have reached its conclusion, the verdict must stand." (Internal quotation marks omitted.) Id.

The defendants contend that the cumulative weight of the court's rulings, both prior to and throughout the trial, including rulings related to causation, resulted in a "complete abdication" of the trial court's role in assuring a fair trial. They argue that the amount of the compensatory damages award exceeds any rational relationship to the evidence offered at trial. They take the position that sanctions should have been limited to permissive adverse inferences and that defaults should not enter in civil cases involving speech. The defendants offer ten bases upon which they claim that the verdict should be set aside-- bases which are largely conclusory and not adequately briefed.[iv] They cite no caselaw to support their claim that a default should not enter in a defamation case. The court rejects these arguments, as well as the other arguments put forth by the defendants, who chose to conduct limited cross-examination of the plaintiffs' witnesses and to "boycott" the trial. Finally, with respect to the CUTPA claim, CUTPA serves to deter predatory commercial conduct such as this. This court, in ruling on the defendants' motion to strike, already determined that "[a]n allegation of defamatory conduct on the part of a defendant is sufficiently wrongful conduct to formulate the underlying basis of a CUTPA cause of action." The verdicts rendered by this jury are not against the law or the evidence. The defendants' motion to set aside the verdict is denied.

421277

Hon. Barbara Bellis

---

[iv] One purpose of the motion to set aside the verdict is "it provides the only occasion for counsel to appear in court and to present arguments in support of their positions, which are ordinarily formulated much more clearly and persuasively than at trial . . . ." (Emphasis added; internal quotation marks omitted.) Prishwalko v. Bob Thomas Ford, Inc., 33 Conn. App. 575, 579-80, 636 A.2d 1383 (1994). The defendants waived oral argument of their post-verdict motions and the court is left to their briefs which simply do not adequately address the numerous claims they make.