# EXHIBIT 2

| NO.   X06-UWY-CV-18-6046436-S | : | SUPERIOR COURT |
| ERICA LAFFERTY, ET AL. | : | COMPLEX LITIGATION DOCKET |
| V. | : | AT WATERBURY |
| ALEX EMRIC JONES, ET AL. | : | JULY 14, 2022 |

| NO.   X06-UWY-CV-18-6046437-S | : | SUPERIOR COURT |
| WILLIAM SHERLACH | : | COMPLEX LITIGATION DOCKET |
| V. | : | AT WATERBURY |
| ALEX EMRIC JONES, ET AL. | : | JULY 14, 2022 |

| NO.   X06-UWY-CV-18-6046438-S | : | SUPERIOR COURT |
| WILLIAM SHERLACH, ET AL. | : | COMPLEX LITIGATION DOCKET |
| V. | : | AT WATERBURY |
| ALEX EMRIC JONES, ET AL. | : | JULY 14, 2022 |

**MOTION IN LIMINE PRECLUDING EVIDENCE REGARDING THE BASIS FOR THE COURT'S DEFAULT RULING, ARGUMENT AGAINST THE DEFAULT RULING, AND EVIDENCE AND ARGUMENT IGNORING THE COURT'S RULING STRIKING THE JONES DEFENDANTS' NOTICE OF DEFENSES**

Pursuant to Practice Book § 15-3, the plaintiffs move the Court to issue an order precluding the defendants from offering evidence or argument that contests the Court's default ruling or the basis for that ruling, including evidence or argument that they satisfied their discovery obligations by making substantial production. The plaintiffs also move the Court to preclude the defendants from offering evidence or argument that ignores the Court's ruling striking their Notice of Defenses, including evidence or argument that holding the defendants accountable for damages is unfair and/or offends the First Amendment.

1

## I.  LEGAL STANDARD

"A trial court may entertain a motion in limine made by either party regarding the admission or exclusion of anticipated evidence. . . . The judicial authority may grant the relief sought in the motion or other relief as it may deem appropriate, may deny the motion with or without prejudice to its later renewal, or may reserve decision thereon until a later time in the proceeding. . . . [T]he motion in limine . . . has generally been used in Connecticut courts to invoke a trial judge's inherent discretionary powers to control proceedings, exclude evidence, and prevent occurrences that might unnecessarily prejudice the right of any party to a fair trial." *Carlson v. Waterbury Hosp.*, 280 Conn. 125, 140 (2006) (citation and footnote omitted).

## II.  ARGUMENT

### A.  Brief Procedural Background

Due to the Jones defendants' egregious misconduct and prolonged abuse of process, the Court entered the most serious sanction in its power. The Court found that the Jones defendants engaged in "misrepresentations to the Court," that they showed "callous disregard of their obligations to fully and fairly comply with discovery" and a general "disregard for the discovery process and procedure or Court orders," and that this was a "pattern of obstructive conduct." DN 574, 11/15/21 Order & Tr. at 13:13, 14:15-17, 15:4. Very significant sanctions such as "preclusion of evidence or the establishment of facts" would be "inadequate given the scope and extent of the discovery material the defendants have failed to produce." *Id*. at 15:21-24. The Court entered a disciplinary default, "a sanction … of last resort." *Id*. at 15:16.

The Jones defendants then attempted to recover their ability to contest liability by filing a Notice of Defenses. DN 594, 11/24/21, Notice of Defense. In that Notice of Defenses, the Jones defendants sought extensive rights to disprove liability including, inter alia, challenging that they

"committed . . . defamation, false light invasion of privacy, intentional infliction of emotional distress, negligent infliction of emotional distress, [or] violation[s] of the Connecticut Unfair Trade Practices Act." *Id.* at 2. They include a list of paragraphs from the operative complaint that they intended to contradict. *Id.* at 3-4. They also sought the right to challenge liability on the grounds that "Plaintiffs' claims are barred by the First Amendment to the U.S. Constitution and Sections 4 & 5 of the Connecticut Declaration of Rights." *Id.* at 2.

The Court struck the Notice of Defenses, ruling:

> [T]he Alex Jones defendants are prohibited from contesting liability or raising affirmative defenses in light of the disciplinary default entered against them. Therefore, the notice of defenses is stricken, and the case will proceed as a hearing in damages as to these defendants.

DN 620.20, 12/24/21 Ruling.

## B.  The Law of Default

The default rulings described above resolve liability in favor of the plaintiffs and against Alex Jones and Free Speech Systems, LLC. *See, e.g.*, *Smith v. Snyder*, 267 Conn. 456, 471 (2004) (effect of default is "the conclusive establishment of liability"); *Marcus v. DuPerry*, 223 Conn. 484, 488 (1992) ("the defendant's liability had already been conclusively established by the rendering of the default"); *Abbott Terrace Health Ctr., Inc. v. Parawich*, 120 Conn. App. 78, 85 (2010) ("[E]ntry of default, when appropriately made, *conclusively determines the liability of a defendant.*") (emphasis in original); *Richey v. Main St. Stafford, LLC*, 110 Conn. App. 209, 224 (2008) ("the court improperly considered that [the plaintiff's] emotional distress may have been caused by other sources, because the default established liability for the distress"). Therefore, "all that remains is for the plaintiff[s] to prove the amount of damages to which [they are] entitled." *Abbott Terrace Health Ctr.*, 120 Conn. App. at 86.

As a result, the Jones defendants "cannot challenge the determination of liability in the present case." *Smith*, 267 Conn. 456 at 462 n.2; *see, e.g.*, *Bonner v. Am. Fin. Mktg. Corp.*, 181 Conn. 57, 58 (1980) (defaulted defendants are "preclude[d] . . . from making any defense to liability in the action"); 46 Am. Jur. 2d Judgments § 285 ("Once default has been entered, the party in default is precluded from making any defense or assertion with respect to liability or an asserted claim.").

### C. The Defendants Cannot End-Run the Court's Rulings by Challenging the Basis for the Default or Its Consequences to the Jury

The plaintiffs anticipate that the Jones defendants will seek to challenge the legitimacy and correctness of the default ruling in various ways. For example, Alex Jones made it clear in his deposition[1] that he views the default as "fraudulent" and "ridiculous" and the product of judicial bias:

> Q: Do you understand that you were defaulted for refusing to present -- to produce to the plaintiffs analytics information about your website performance. Do you understand that?
> MR. CERAME: Objection.
> ALEX JONES: That's not true.
> BY MR. MATTEI: Do you understand that is one of the reasons you were defaulted?
> A: I understand that the judge made what I believe to be a fraudulent ruling.
> Q: That is Judge Bellis. Right?
> A: Yeah. Judge Bellis is best friends with one of your main partners here, that one, yeah.

Ex. A, 4/5/22 Alex Jones Dep. Tr. at 35:4-18. Mr. Jones also claims that because "we turned … over" "stuff to you guys" the default is "ridiculous":

> ALEX JONES: I am just marveling that I have been defaulted for not turning over stuff and we turned this over to you guys. It is just ridiculous.

*Id.* at 355:25-356:2. He made these claims repeatedly:

---

[1] Per recent discussions of the parties, the Alex Jones deposition is no longer generally designated confidential.

Q: I also want to ask you whether in that reflection you have come to realize that the statements you made that were wrong that you claim were mistakes hurt people?
MR. PATTIS: Objection.
MR. CERAME: Objection.
ALEX JONES: Just like the judge lying and swaying [sic] that we gave you false documents and you lying in court is hurtful.

Ex. B, 4/6/22 Alex Jones Dep. Tr. at 524:24-525:8.

ALEX JONES: I'm sure your pet judge will do whatever you want.

Ex. A, 4/5/22 Alex Jones Dep. Tr. at 132:5-6.

In short, given Mr. Jones's repeated statements at his deposition that the default is illegitimate, it is reasonable to expect that he or his attorneys may attempt to present evidence or argument challenging the default, directly or indirectly, at the hearing in damages. The Court should preclude this strategy from the outset.

The plaintiffs also anticipate that Mr. Jones will attempt to present evidence or argument that the determination of liability against him and in favor of the plaintiffs violates his right to free speech. Mr. Jones stated at his deposition that the conduct for which he is liable as a result of the default was protected speech under the First Amendment:

Q. You said Sandy Hook wasn't real, that it didn't happen. Right?
MR. PATTIS:· Objection.
ALEX JONES: It is my right as an American citizen.

Ex. A, 4/5/22 Alex Jones Dep. Tr. at 178:12-16.

Q. That is you telling your audience to support Wolfgang [Halbig] right after he said that nobody died. Correct?
ALEX JONES: Yes, free speech.

Id. at 315:8-11. Mr. Jones also claimed repeatedly that this lawsuit is an attempt to "destroy the First Amendment" and "get rid of the First Amendment." For example:

ALEX JONES: There is no doubt the corporate media and the system is using the lawsuit to try to get rid of the First Amendment with the general public.

Ex. B, 4/6/22 Alex Jones Dep. Tr. at 468:24-469:1.

> Q. Do you accept any responsibility for the suffering that your statements
> concerning Sandy Hook caused David and Francine Wheeler?
> MR. PATTIS:  Objection.
> MR. CERAME:  Objection.
> ALEX JONES: No, I don't [accept] responsibility because I wasn't trying to
> cause pain and suffering. And this is they are being used and their children who
> can't be brought back being used to destroy the First Amendment.

*Id.* at 736:1-10.

> ALEX JONES: If questioning public events and free speech is banned because it
> might hurt somebody's feelings, we are not in America anymore.

*Id.* at 733:5-8. Evidence or argument of this nature would be completely improper and

should be precluded.

In sum, it is black letter law that the defendants are not entitled to relitigate the default at

the hearing in damages. *E.g. Smith*, 267 Conn. at 471 (effect of default is "the conclusive

establishment of liability"); *Marcus*, 223 Conn. at 488 (1992) ("the defendant's liability had

already been conclusively established by the rendering of the default"). The defendants are not

permitted to ignore or defy the Court's default rulings by suggesting to the jury that it should

reject the default rulings. *See In re USA Commerical Mortg. Co., 2010 WL 4702341*, at *3 (D.

Nev. Nov. 12, 2010) ("[The defaulted defendants] ask to present evidence of excusable neglect

and good cause to set aside the default. This issue has been litigated, and the request is rejected.

This is a disguised, repetitive motion to set aside the entry of default."); *cf. Branch v. Grogan-

Barone*, 2011 WL 1992005, at *3 (Conn. Super. Ct. Apr. 29, 2011) (Swienton, J.) (striking

special defense that was "attempting to relitigate an issue previously decided").

For these reasons, the Court should issue an order precluding the defendants from

offering evidence or argument challenging the default ruling and/or its consequences. Examples

of the evidence and argument that would be precluded under this order include: (1) evidence or argument that the Jones defendants satisfied their discovery obligations by making substantial production; (2) evidence or argument that prior rulings in this case were the result of judicial bias or plaintiffs' counsel "lying in court"; (3) evidence or argument that holding the defendants accountable for damages is unfair and/or offends the First Amendment.

**THE PLAINTIFFS,**

By:      _/s/ Alinor C. Sterling_
        **ALINOR C. STERLING**
        **CHRISTOPHER M. MATTEI**
        **COLIN S. ANTAYA**
        KOSKOFF KOSKOFF & BIEDER
        350 FAIRFIELD AVENUE
        BRIDGEPORT, CT  06604
        asterling@koskoff.com
        cmattei@koskoff.com
        cantaya@koskoff.com
        Telephone:      (203) 336-4421
        Fax:              (203) 368-3244
        JURIS #32250

## **CERTIFICATION**

I certify that a copy of the above was or will immediately be mailed or delivered electronically or nonelectronically on this date to all counsel and self-represented parties of record and that written consent for electronic delivery was received from all counsel and self-represented parties of record who were or will immediately be electronically served.

***For Alex Emric Jones and Free Speech Systems, LLC:***
Norman A. Pattis, Esq.
Cameron L. Atkinson, Esq.
Pattis & Smith, LLC
383 Orange Street, First Floor
New Haven, CT 06511
P: 203-393-3017
npattis@pattisandsmith.com
catkinson@pattisandsmith.com

*/s/ Alinor C. Sterling*
**ALINOR C. STERLING**
**CHRISTOPHER M. MATTEI**
**COLIN S. ANTAYA**

# EXHIBIT A

Alex Emric Jones  Confidential
April 05, 2022

NO. XO6-UWY-CV-18-6046436-S

_____
ERICA LAFFERTY, ET AL.,          )SUPERIOR COURT
                                 )COMPLEX LITIGATION
                                 )AT WATERBURY
v.                               )
                                 )
ALEX EMRIC JONES, ET AL.         )
_____ )
NO. X06-UWY-CV-18-6046437-S      )SUPERIOR COURT
                                 )COMPLEX LITIGATION
WILLIAM SHERLACH                 )DOCKET AT WATERBURY
                                 )
v.                               )
                                 )
ALEX EMRIC JONES, ET AL.         )
_____ )
NO. X06-UWY-CV-18-6046438-S      )SUPERIOR COURT
                                 )COMPLEX LITIGATION
WILLIAM SHERLACH, ET AL.         )DOCKET AT WATERBURY
                                 )
v.                               )
                                 )
ALEX EMRIC JONES, ET AL.         )
_____ )


            VIDEOTAPED DEPOSITION OF ALEX EMRIC JONES

                        (CONFIDENTIAL)

DATE:            April 5, 2022

TIME:            9:37 a.m.

HELD AT:         Koskoff Koskoff & Bieder
                 350 Fairfield Avenue
                 Bridgeport, Connecticut

    By:          Sarah J. Miner, RPR, LSR #238

Alex Emric Jones  Confidential
April 05, 2022

```
 1  A P P E A R A N C E S:

 2  For the Plaintiffs:

 3  Christopher M. Mattei, Esq.
    Matthew S. Blumenthal, Esq.
 4  Alinor Sterling, Esq.
    Koskoff Koskoff & Bieder
 5  350 Fairfield Avenue, Suite 501
    Bridgeport, Connecticut  06604

 6

 7  For Alex Emric Jones, Infowars, LLC, Free Speech
    Systems, LLC, Infowars Health, LLC and Prison
 8  Planet TV, LLC:

 9  Norman A. Pattis, Esq.
    Pattis & Smith, LLC
10  383 Orange Street, First Floor
    New Haven, Connecticut  06511

11

12  For Genesis Communications Network, Inc.:
    (Appearing via Zoom)
13
    Mario Kenneth Cerame, Esq.
14  Brignole, Bush & Lewis
    73 Wadsworth Street
15  Hartford, Connecticut  06106

16  Also Present:

17  Pritika Seshadri

18

19

20

21

22

23

24

25
```

Alex Emric Jones  Confidential
April 05, 2022

1      Q   Do you understand that is what the court

2   found?

3      A   Yes.

4      Q   Do you understand that you were defaulted

5   for refusing to present -- to produce to the

6   plaintiffs analytics information about your website

7   performance.

8          Do you understand that?

9               MR. CERAME:  Objection.

10              THE WITNESS:  That's not true.

11   BY MR. MATTEI:

12     Q   Do you understand that is one of the

13   reasons you were defaulted?

14     A   I understand that the judge made what I

15   believe to be a fraudulent ruling.

16     Q   That is Judge Bellis.  Right?

17     A   Yeah.  Judge Bellis is best friends with

18   one of your main partners here, that one, yeah.

19     Q   How did you find that out?

20     A   Oh, we know a lot.

21     Q   Which partner?

22     A   Well, just --

23     Q   Go ahead, Mr. Jones.  Which partner is

24   Judge Bellis friends with?

25     A   When it hits the news --

Alex Emric Jones  Confidential
April 05, 2022

1  know about HBO?

2      Q   Mr. Jones, do you want to -- I mean, we

3  can be here a third day and you can go on your

4  rants like you're --

5      A   I am sure -- I'm sure your pet judge will

6  do whatever you want.

7                  MR. CERAME:  Objection.

8  BY MR. MATTEI:

9      Q   Oh, you're -- you're (inaudible) here,

10  Mr. Jones.  You're doing really great.

11      A   I am.

12      Q   And so --

13                  MR. PATTIS:  I am going to move to

14          strike the question pending.

15  BY MR. MATTEI:

16      Q   Let me -- let me ask you about the article

17  that you published on December 19th, 2012.

18                  MR. MATTEI:  Why don't we bring that

19          up.

20      A   Was that the stolen glory -- Blumenthal

21  story?

22                  MR. PATTIS:  There is no question

23          pending.

24                  Can you tell me the exhibit number on

25          this, please, Attorney Mattei?  You are

Alex Emric Jones  Confidential
April 05, 2022

```
 1              MR. CERAME:  Objection.
 2  BY MR. MATTEI:
 3      Q    That's eventually what you said about
 4  Sandy Hook?
 5      A    Eventually.
 6              MR. PATTIS:  Objection.  He is
 7          permitted to finish the answer.
 8              Finish the answer.
 9              THE WITNESS:  There was a lot of
10          cover-ups on the record.
11  BY MR. MATTEI:
12      Q    Let's get it out there.  You said Sandy
13  Hook wasn't real, that it didn't happen.  Right?
14              MR. PATTIS:  Objection.
15              THE WITNESS:  It is my right as an
16          American citizen.
17  BY MR. MATTEI:
18      Q    I'm just saying we can agree?
19      A    I have said that in context I could see
20  how people would believe it's totally staged and
21  synthetic.
22      Q    Mr. Jones, you also said -- you didn't say
23  other people think that.  You said it was staged
24  and it didn't happen.  Right?  You said that, did
25  you not?
```

Alex Emric Jones  Confidential
April 05, 2022

```
 1          Five more minutes.  Overdrive
 2          InfoWars.com/shall find it (phonetic).
 3          Subscribe to the Nightly News.  We are
 4          fearless, folks.  Support us.  Support
 5          Wolfgang.  This is not a game.  They are
 6          hopping mad.  We are covering this.
 7   BY MR. MATTEI:
 8       Q   That is you telling your audience to
 9   support Wolfgang right after he said that nobody
10   died.  Correct?
11       A   Yes, free speech.
12          MR. MATTEI:  Go ahead and play 59C.
13          (Video played, as follows:)
14          MR. JONES:  Wolfgang W. Halbig is our
15          guest, former State Police officer, the
16          North (inaudible) department.  Over the
17          last decade has created one of the
18          biggest, most successful school safety
19          training groups.  He has investigated and
20          it's phony as a three dollar bill.
21          Wolfgang, you dropped a bombshell on
22          your scores, your points, your 16
23          questions.  If you have a school of 100
24          kids and nobody can find them and you have
25          got parents laughing, going (witness
```

BY MR. MATTEI

    Q  I will represent to you that this document
was produced by your attorney to us as a report of
data of InfoWars social media accounts for the year
on 2014.  Okay?

    A  Yeah, I am just marveling that I have been

Alex Emric Jones  Confidential
April 05, 2022

1  defaulted for not turning over stuff and we turned

2  this over to you guys.  It is just ridiculous.

3            MR. PATTIS:  No question pending

4        right now.

5  BY MR. MATTEI:

6     Q   Go ahead and pull up that.  In 2014, you

7  see a number of accounts listed associated with

8  Twitter, FaceBook, Instagram and LinkedIn.

9  Correct?

10    A   Yes.

11    Q   And those were all accounts that were

12  owned and controlled by Free Speech Systems.

13  Correct?

14    A   They weren't owned by it, but it was on

15  those platforms.

16    Q   They were Free Speech Systems, they were

17  associated with Free Speech Systems.

18    A   Yes.

19    Q   You had your own control of your own

20  Twitter account.  Right?

21    A   Yes.

22    Q   And then also Louis Serrtuche was your

23  media manager?

24    A   Yes.

25    Q   He would pump out content to all accounts

Alex Emric Jones   Confidential
April 05, 2022

```
 1              C E R T I F I C A T E

 2        I hereby certify that I am a Notary Public, in

 3   and for the State of Connecticut, duly commissioned

 4   and qualified to administer oaths.

 5        I further certify that the deponent named in

 6   the  foregoing deposition was by me duly sworn and

 7   thereupon testified as appears in the foregoing

 8   deposition; that said deposition was taken by me

 9   stenographically in the presence of counsel and

10   reduced to typewriting under my direction, and the

11   foregoing is a true and accurate transcript of the

12   testimony.

13        I further certify that I am neither of counsel

14   nor related to either of the parties to said suit,

15   nor of either counsel in said suit, nor am I

16   interested in the outcome of said cause.

17        Witness my hand and seal as Notary Public the

18   10th day of April, 2022.

19

20

21   _____
     Sarah J. Miner, RPR, LSR #238
22   Notary Public

23   My Commission Expires:

24   November 30, 2022

25
```

# EXHIBIT B

Alex E. Jones Volume II Confidential
April 06, 2022

NO. XO6-UWY-CV-18-6046436-S

_____
ERICA LAFFERTY, ET AL.,          )SUPERIOR COURT
                                 )COMPLEX LITIGATION
                                 )AT WATERBURY
v.                               )
                                 )
ALEX EMRIC JONES, ET AL.         )
_____  )
NO. X06-UWY-CV-18-6046437-S      )SUPERIOR COURT
                                 )COMPLEX LITIGATION
WILLIAM SHERLACH                 )DOCKET AT WATERBURY
                                 )
v.                               )
                                 )
ALEX EMRIC JONES, ET AL.         )
_____  )
NO. X06-UWY-CV-18-6046438-S      )SUPERIOR COURT
                                 )COMPLEX LITIGATION
WILLIAM SHERLACH, ET AL.         )DOCKET AT WATERBURY
                                 )
v.                               )
                                 )
ALEX EMRIC JONES, ET AL.         )
_____  )

            CONTINUED VIDEOTAPED DEPOSITION OF
                    ALEX EMRIC JONES
                       VOLUME II
                     (CONFIDENTIAL)

DATE:            April 6, 2022

TIME:            9:37 a.m.

HELD AT:         Koskoff Koskoff & Bieder
                 350 Fairfield Avenue
                 Bridgeport, Connecticut

     By:         Sarah J. Miner, RPR, LSR #238

Alex E. Jones Volume II Confidential
April 06, 2022

```
 1   A P P E A R A N C E S:

 2   For the Plaintiffs:

 3   Christopher M. Mattei, Esq.
     Matthew S. Blumenthal, Esq.
 4   Alinor Sterling, Esq.
     Koskoff Koskoff & Bieder
 5   350 Fairfield Avenue, Suite 501
     Bridgeport, Connecticut   06604

 6

 7   For Alex Emric Jones, Infowars, LLC, Free Speech
     Systems, LLC, Infowars Health, LLC and Prison
 8   Planet TV, LLC:

 9   Norman A. Pattis, Esq.
     Pattis & Smith, LLC
10   383 Orange Street, First Floor
     New Haven, Connecticut   06511

11

12   For Genesis Communications Network, Inc.:
      (Appearing via Zoom)
13
     Mario Kenneth Cerame, Esq.
14   Brignole, Bush & Lewis
     73 Wadsworth Street
15   Hartford, Connecticut   06106

16   Also Present:

17   Pritika Seshadri

18

19

20

21

22

23

24

25
```

Alex E. Jones Volume II Confidential
April 06, 2022

1  about that because you and I can agree entirely on

2  the facts surrounding that whole thing.  There is

3  no evidence that anybody in your company ever

4  opened any email containing child pornography, none

5  at all.  There is no evidence that you knowingly --

6            MR. PATTIS:  Objection.  This can't

7       be testimony.  Objection.

8            THE WITNESS:  Let him say it.

9            MR. PATTIS:  This is a deposition.

10           MR. MATTEI:  We will get to it.  I

11      agree with you, Norm.

12           MR. PATTIS:  Sorry.

13           MR. MATTEI:  I agree with you.

14  BY MR. MATTEI:

15      Q   In any event, getting back to my point

16  about -- or my questions about the -- what you see

17  as a really kind of life and death struggle between

18  you, your audience that supports you and this

19  movement to -- this globalist movement you have

20  described.  Right?

21           You consider the plaintiffs to be

22  basically unwitting pawns in that attack against

23  you.

24      A   There is no doubt the corporate media and

25  the system is using the lawsuit to try to get rid

Alex E. Jones Volume II Confidential
April 06, 2022

1    of the First Amendment with the general public.

2    New York Times saying time to get rid of the First

3    Amendment and don't research things.

4         Q    Would you just answer my question.  I

5    think what you are testifying is that you consider

6    my clients to be unwitting pawns in the plot

7    against you?

8         A    What I see it as is that

9    misrepresentations when I have apologized, claims

10   that I am going after people when I wasn't, and I

11   have just seen really a lot of sad people that lost

12   their children using me to keep the story of their

13   children in the news and gun control in the news.

14   And so the -- then I see the accusations by you

15   guys that I made all this money off Sandy Hook when

16   I know I didn't.

17           Social media was exploding.  That is when

18   it began was around 2012.  And everybody grew with

19   it and Barack Obama grew all the conservative media

20   just like Trump grew liberal media.  I know.  It's

21   well known.  It's like asking when the tide comes

22   in and the tide goes out.  You're saying here and

23   there Sandy Hook.  It's not true.

24        Q    Getting back to my question.

25        A    Yeah.

Alex E. Jones Volume II Confidential
April 06, 2022

```
 1              it.  I am allowed to have free speech to
 2              not -- when as a gun owner I am being
 3              blamed for something, people then
 4              basically have a form of resistance to
 5              that that just didn't believe no, it
 6              didn't happen because it's a terrible
 7              thing that happened.  When it is
 8              wrongfully being accused of all gun
 9              owners, people just start going that is a
10              fraud.  So the mind then starts finding
11              ways to absolutely then vilify the media
12              and the groups that are saying and doing
13              that.
14  BY MR. MATTEI:
15      Q   That is what you were doing as well?
16      A   I tried to analyze myself.  And I have
17  gotten some therapy over it actually.  And I
18  figured out those things, and it has been helpful.
19      Q   I think you should be commended for that.
20  But I also want to say --
21              MR. PATTIS:  Objection.  Come on.
22              MR. CERAME:  Motion to strike.
23  BY MR. MATTEI:
24      Q   I also want to ask you whether in that
25  reflection you have come to realize that the
```

Alex E. Jones Volume II Confidential
April 06, 2022

```
1   statements you made that were wrong that you claim

2   were mistakes hurt people?

3              MR. PATTIS:  Objection.

4              MR. CERAME:  Objection.

5              THE WITNESS:  Just like the judge

6         lying and swaying that we gave you false

7         documents and you lying in court is

8         hurtful.

9              MR. PATTIS:  Objection.

10             THE WITNESS:  When you lie, it is

11        liberal and loving.  When you guys blow up

12        countries, it's liberal and loving.  When

13        you send pedophiles directly to storytime,

14        it is liberal and loving.

15  BY MR. MATTEI:

16       Q   It has all has consequences.

17       A   It all has consequences what you have done

18  and no one believes anything you say.

19       Q   What you say has consequences?

20       A   It does.

21       Q   And you don't dispute that the families

22  who you claim were actors suffered as a result of

23  that, do you?

24             MR. PATTIS:  I am going to object to

25        that.
```

Alex E. Jones Volume II Confidential
April 06, 2022

1   Sandy Hook shooting may have caused Jackie and Mark

2   Barden in the aftermath of their son's death?

3              MR. PATTIS:  Objection.

4              MR. CERAME:  Objection.

5              THE WITNESS:  If questioning public

6         events and free speech is banned because

7         it might hurt somebody's feelings, we are

8         not in America anymore.  They can change

9         the channel.  They can come out and say

10        I'm wrong.  They have free speech.

11  BY MR. MATTEI:

12    Q   Well, they don't have the ability to

13  change the channel when people who are inspired by

14  you threaten and harass them?

15    A   You have not really proven that.

16    Q   But do they have the ability to change the

17  channel?

18    A   Who did I send to their house?  Did I send

19  somebody to their house?  When did I send somebody

20  to their house?  I didn't create that channel.

21    Q   Those in your audience who are inspired by

22  your false claims that Sandy Hook was a hoax and

23  then harassed and threatened these families, that

24  is not something that the Bardens asked for, is it?

25              MR. PATTIS:  Objection.

Alex E. Jones Volume II Confidential
April 06, 2022

1          Q    Do you accept any responsibility for the

2     suffering that your statements concerning Sandy

3     Hook caused David and Francine Wheeler?

4                    MR. PATTIS:  Objection.

5                    MR. CERAME:  Objection.

6               THE WITNESS:  No, I don't responsibility

7     because I wasn't trying to cause pain and

8     suffering.  And this is they are being used and

9     their children who can't be brought back being used

10    to destroy the First Amendment.  And I've seen

11    nothing but misrepresentation by you guys and the

12    whole system, and it is all in bad faith.

13    BY MR. MATTEI:

14         Q    That is a no?

15         A    That is a no.

16                    MR. CERAME:  Objection.

17                    MR. MATTEI:  Next one, please.

18                    MS. SESHADRI:  126.

19    BY MR. MATTEI:

20         Q    Do you recognize any of the folks depicted

21    in this photograph?

22         A    No, I do not.

23         Q    Do you accept any responsibility for

24    suffering endured by Ian and Nicole Hockley as a

25    result of your conduct concerning the Sandy Hook

Alex E. Jones Volume II Confidential
April 06, 2022

1                    C E R T I F I C A T E

2          I hereby certify that I am a Notary Public, in

3    and for the State of Connecticut, duly commissioned

4    and qualified to administer oaths.

5          I further certify that the deponent named in

6    the  foregoing deposition was by me duly sworn and

7    thereupon testified as appears in the foregoing

8    deposition; that said deposition was taken by me

9    stenographically in the presence of counsel and

10   reduced to typewriting under my direction, and the

11   foregoing is a true and accurate transcript of the

12   testimony.

13         I further certify that I am neither of counsel

14   nor related to either of the parties to said suit,

15   nor of either counsel in said suit, nor am I

16   interested in the outcome of said cause.

17         Witness my hand and seal as Notary Public the

18   12th day of April, 2022.

19

20

21   _____

22   Notary Public

23   My Commission Expires:

24   November 30, 2022

25