# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| ALEXANDER E. JONES | CASE NO. 22-33553 (CML) |
| Debtor. | |
| --- | |
| DAVID WHEELER, FRANCINE WHEELER, JACQUELINE BARDEN, MARK BARDEN, NICOLE HOCKLEY, IAN HOCKLEY, JENNIFER HENSEL, DONNA SOTO, CARLEE SOTO-PARISI, CARLOS M. SOTO, JILLIAN SOTO MARINO, WILLIAM ALDENBERG, WILLIAM SHERLACH, ROBERT PARKER, AND RICHARD M. COAN, as chapter 7 trustee for the estate of ERICA LAFFERTY, | Adv. Proc. No. 23-3037 |
| Plaintiffs, | |
| v. | |
| ALEXANDER E. JONES | |
| Defendant. | |

## DEFENDANT'S OBJECTIONS AND RESPONSES TO MOVANTS' STATEMENT OF UNCONTESTED MATERIAL FACTS AND SUMMARY JUDGMENT EVIDENCE

Defendant Alexander E. Jones ("Defendant") submits this Objections and Responses to Movants' Statement of Uncontested Material Facts and Summary Judgment Evidence in

opposition to Movants'[1] Statement of Uncontested Material Facts in Support of Plaintiffs' Motion for Summary Judgment (Doc. 57-1). Defendant incorporates by reference herein Objections to Movants' Summary Judgment Evidence attached as Exhibit 1, and the Declaration of Alexander E. Jones in Support of his Objections and Responses to Plaintiffs' Motions for Summary Judgement (the "Jones Decl.").

Movants' statement of undisputed material facts ("Statement") consists solely of allegations from pleadings, courts orders, and untested exhibits and witness statements. These are often edited and presented without context. That said, the issue here will turn more on whether Movants are entitled to summary judgment as a matter of law, rather than factual disputes over what the record says. The record should speak for itself.

In response to Docs. 57 - 60, Defendant states as follows:

## STATEMENTS 1-4

It is undisputed that Movants filed a complaint in the Connecticut Superior Court, which asserted the various claims listed in Statement 4 against Defendant and other entities, including Free Speech Systems, Inc. ("FSS"). Defendant disputes that all entities sued are "wholly … operated" by Defendant to the extent that it suggests that all content is created by Defendant, that Defendant writes articles or headlines, that Defendant edits videos or posts videos online, that Defendant censors employees, guests, or callers into the Alex Jones Show ("Show"), or that Defendant exercises final editorial control over all content posted online. Jones Decl. at ¶ 5.

---

[1] Movants David Wheeler, Francine Wheeler, Jacqueline Barden, Mark Barden, Nicole Hockley, Ian Hockley, Jennifer Hensel, Donna Soto, Carlee Soto Parisi, Carlos M. Soto, Jillian Soto-Marino, William Aldenberg, William Sherlach, and Robert Parker are collectively referred herein as "Movants."

**STATEMENTS 5-13**

The legal proceeding surrounding dismissal of Defendant's anti-SLAPP motion is immaterial to the issue of whether the doctrine of collateral estoppel precludes Defendant from defending against claims of exceptions to dischargeability in bankruptcy under 11 U.S.C. § 523(a)(6). Resolving Statements 5-13 will not meaningfully assist the Court in determining whether Movants are entitled to judgment as a matter of law.

**STATEMENTS 14-24**

It is undisputed that the Connecticut court entered a default judgment against Defendant and in favor of Movants based on a finding of discovery violations and further struck Defendant's affirmative defenses. Anything beyond that, including Movants' editorializing and choice snippets from orders, is immaterial to the 11 U.S.C. § 523(a)(6) collateral-estoppel issue and will not meaningfully assist the Court in determining whether Movants are entitled to judgment as a matter of law. The orders speak for themselves.

**STATEMENTS 25-27**

It is undisputed that a damages hearing took place following the default judgment. It is disputed that the damages hearing fully and fairly litigated the exception to dischargeability in bankruptcy under 11 U.S.C. § 523(a)(6). (*See* Motion in Limine from Connecticut State Court Case, attached to Defendant's Objection and Response to Movants' Motion for Summary Judgment as Exhibit 2; Hearing Transcript on Motion in Limine, attached to Defendant's Objection and Response to Movants' Motion for Summary Judgment as Exhibit 3).

**STATEMENTS 28-30**

It is undisputed that the Connecticut court issued jury instructions on defamation and emotional distress. The jury charge speaks for itself. The jury charge does not entitle Movants to judgment as a matter of law.

**STATEMENTS 31-36**

It is undisputed that the jury awarded Movants $965 million for harm to reputation and emotional distress.

**STATEMENTS 37-38**

The motion for remittitur and brief on punitive damages under Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. Ann. § 42-110, are immaterial to the issue of whether the doctrine of collateral estoppel precludes Defendant from defending against claims of exceptions to dischargeability in bankruptcy under 11 U.S.C. § 523(a)(6).

**STATEMENTS 39-47, 50**

It is undisputed that the Connecticut court awarded Movants about $322 million in common law punitive damages, attorneys fees and costs, and another $150 million in CUTPA punitive damages on top of the $ 965 million jury award, which totals nearly $ 1.5 billion.

**STATEMENTS 48-49**

It is undisputed that the judgment at issue has been appealed. The motion for new trial and remittitur is immaterial to the issue of whether the doctrine of collateral estoppel precludes Defendant from defending against claims of exceptions to dischargeability in bankruptcy under 11 U.S.C. § 523(a)(6).

**STATEMENTS 52-54**

Defendant disputes that he "owns, operates, and controls" the enumerated websites to the extent that it suggests that all content is created by Defendant, that Defendant writes articles or headlines, that Defendant edits videos or posts videos online, or that Defendant exercises final editorial control over all content posted online. Jones Decl. at ¶ 5.

Defendant's residence, the various taglines utilized by Infowars.com ("Website"), and the products advertised hereon are immaterial to the § 523(a)(6) collateral estoppel issue.

**STATEMENTS 55-57**

It is undisputed that many Americans listen to the Show or visit the Website. The precise number is speculative and immaterial. The referenced "infrastructure" seems to be the capacity to post videos on free social media platforms, which is available to be viewed by anyone with an internet connection.

**STATEMENT 58**

Defendant's father's vague opinion on customer loyalty to products advertised on the Show is immaterial to the § 523(a)(6) collateral estoppel issue.

**STATEMENTS 59-60**

The statement in Statement 59 is vague and unsupported. The statements in Statement 60 are immaterial. The statements are edited and provided without context. None are aimed at Movants. Indeed, not all are even spoken by Defendant. The "precision guided heavy munition" statement, for example, referenced speaking out against the Clintons and the "deep state" as well as becoming an exemplar for budding talk-radio hosts. This is immaterial to the § 523(a)(6) collateral estoppel issue. The snippets seem aimed at arousing contempt rather than to meaningfully assist the Court in determining whether Movants are entitled to judgment as a matter of law.

**STATEMENTS 61-63**

Defendant disputes the statement in Statement 62 to the extent that it suggests that all content is created by Defendant, that Defendant writes articles or headlines, that Defendant edits videos or posts videos online, or that Defendant exercises final editorial control over all content posted online. Jones Decl. at ¶ 5. The testimony in Statement 63 is immaterial to the § 523(a)(6) collateral estoppel issue and misleading. It is not the testimony of Defendant. As established by the full record, the source for the story was primarily Wolfgang Halbig who also provided his

theory on the Show for the audience to consider; and that was made known on the Show many times.

## STATEMENTS 64-65

Defendant disputes these statements. Over 99% of the content on the InfoWars site is not written by the Defendant. He writes certain headlines and comments attributed to him. (Jones Decl. at ¶ 5).

Moreover, Movants edited out the first sentence of Defendant's statement from the article on December 19, 2012. The full quote from the article is: "My deepest condolences go out to Mr. Parker and the rest of his family, as well as all the other families suffering from this tragedy. It appears that members of the media or government have given him a card and are telling him what to say as they steer reaction to this event, so this needs to be looked into." (Doc. 59-9).

Defendant disputes that the isolated phrase "looked into" when viewed in context can be misinterpreted to suggest an intent that show listeners harass families.

## STATEMENTS 66-67

The statements are not disputed but, without context, are immaterial and do not entitle Movants to judgment as a matter of law. With full context, the content speaks for itself. Even on its face, the statements show that the overall theme of the coverage was government deceit and manipulating events to achieve gun control, rather than targeting Movants or any other individuals.

## STATEMENTS 68-69

It is undisputed that Leonard Pozner, who is not a Movant in this case, sent an email to "writers@infowars.com." The contents of which speak for itself. But it does not entitle Movants to judgment as a matter of law.

It is undisputed that there is a government report saying that Sandy Hook was not a government conspiracy.

See below for response to statements regarding Sandy Hook made by Defendant.

## STATEMENT 70

Defendant disputes this statement disputes. Over 99% of the content on the InfoWars site is not written by the Defendant. He writes certain headlines and comments attributed to him. (Jones Decl. at ¶ 5).

## STATEMENTS 68-69, 76-78, 80-81

The statements regarding Sandy Hook made by Defendant on his Show should speak for themselves, but they are provided without context. The snippets will not meaningfully assist the Court in determining whether Movants are entitled to judgment as a matter of law on the issue of § 523(a)(6) collateral estoppel. Indeed, not even all the cherry-picked quotes are that of Defendant or concerning Sandy Hook. The full record shows very clearly that Defendant went back and forth on his beliefs concerning whether Sandy Hook was staged by the government. But he has been consistent that there are open questions and inconsistencies in the official narrative provided by the government and media.

## STATEMENTS 71-75, 79

It is undisputed that Defendant wanted people to listen to his radio Show. It is undisputed that the Show and company raised revenue, which was tracked in various ways. It is disputed that Sandy Hook programming drove larges increases in visits from people otherwise uninterested in the Show's programming, or that there is causation (or correlation for that matter) between massive "spikes" and the utterance of "Sandy Hook."

Indeed, as to Statement 79, it is undisputed that Paul Joseph Watson wrote an email concerning Sandy Hook programming. The contents of which speak for itself. In it, Watson indicates that Sandy Hook mentions are "killing us" and prevented them from "bringing bigger

names into the show." Statement 79 is thus counter to the claims in Statements 71-75 that Sandy Hook was a cash cow.

Moreover, the whole claim relies on 2 days of "spikes" within a 10-year period at a time when neither Defendant nor guest host mentioned Sandy Hook on the radio Show in over 7 months and—despite claims of "emulat[ing] spikes"—would not for another 5 months. (*See* Doc. 59-8). Ultimately, however, the fact is immaterial as to the § 523(a)(6) collateral estoppel issue. Furthermore, for bankruptcy purposes, Defendant and FSS must be treated separately.

## STATEMENTS 82-101

It is undisputed that Movants suffered harm resulting from the Sandy Hook shooting and subsequent harassment. These statements, however, are disputed to the extent that they suggest that Defendant is responsible for or intended any of the bad conduct endured by Movants at the hands of random strangers or faceless internet trolls with no established connection to Defendant.

Defendant did not originate the story that the Sandy Hook incident was a staged CIA conspiracy. Nor was he the only one reporting on it. Movants themselves identify Rense, Fetzer, and Halbig as also broadcasting it. They also identify Wolfgang Halbig and Cory Sklanka hosting shows and operating websites dedicated to Sandy Hook. (Doc. 57-4 at ¶¶ 36-37). Defendant's radio Show was not the only channel of communication for this content.

## STATEMENTS 102-103

The legal proceedings in the Texas cases are immaterial to the issue of whether the doctrine of collateral estoppel precludes Defendant from defending against claims of exceptions to dischargeability in bankruptcy under 11 U.S.C. § 523(a)(6). Resolving Statements 102-103 will not meaningfully assist the Court in determining whether Movants are entitled to judgment as a matter of law.

Respectfully submitted,

**CROWE & DUNLEVY, P.C.**

*/s/ Christina W. Stephenson*
Vickie L. Driver
State Bar No. 24026886
Christina W. Stephenson
State Bar No. 24049535
2525 McKinnon Avenue, Suite 425
Dallas, TX 75201
Telephone: 737- 218-6187
dallaseservice@crowedunlevy.com

-AND-

J. Christopher Davis
Oklahoma Bar #16629 (admitted *pro hac vice*)
Deric J. McClellan
Oklahoma Bar # 32827 (admitted *pro hac vice*)
222 N. Detroit Ave., Suite 600
Tulsa, Oklahoma 74120
Telephone: 737- 218-6187
dallaseservice@crowedunlevy.com

**COUNSEL FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of June 2023, a true and correct copy of the foregoing was served via electronic service on:

Ryan E. Chapple
**CAIN & SKARNULIS PLLC**
303 Colorado Street, Suite 2850
Austin, Texas 78701
Telephone: (512) 477-5000
Fax: (512) 477-5011
*Counsel to the Sandy Hook Families*

Alinor C. Sterling
**KOSKOFF KOSKOFF & BIEDER PC**
350 Fairfield Avenue
Bridgeport, Connecticut 06604
Telephone: (203) 336-4421

Kyle J. Kimpler
Christopher Hopkins Daniel S. Sinnreich
Daniel A. Negless
Briana P. Sheridan
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Fax: (212) 757-3990
*Counsel to the Sandy Hook Families other than Richard M. Coan, as chapter 7 trustee for the estate of Erica Lafferty*

Eric Henzy
**ZEISLER & ZEISLER, PC**
10 Middle Street, 15th Floor
Bridgeport, Connecticut 06604
Telephone: (203) 368-5495
*Counsel to Richard M. Coan, as chapter 7 trustee for the estate of Erica Lafferty*

*/s/ Christina W. Stephenson*
Christina W. Stephenson

# EXHIBIT 1

**OBJECTIONS TO MOVANTS' SUMMARY JUDGMENT EVIDENCE**

| Exhibit(s) | Document(s) | Objection(s) | Fed. R. Evid.[2] |
|---|---|---|---|
| 1-6, 8-12, 14, 16-18, 20-21, 23-24 | Pleadings, motions, orders, and other filings from the Connecticut Action | Relevance; Probative Value Outweighed (unfair prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence); Hearsay; Lacking Foundation | FRE 401, 403, 801, 901 |
| 7, 13, 15, 19, 22, 25-43, 74-78 | Transcripts and transcript excerpts from hearing/trial | Completeness; Relevance; Probative Value Outweighed (unfair prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence); Hearsay; Lacking Foundation | FRE 106, 401, 403, 801, 901 |
| 44, 46-48, 50-57, 70-72, 79-82 | Video exhibits from the Connecticut Action | Completeness; Relevance; Probative Value Outweighed (unfair prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence); Hearsay; Lacking Foundation | FRE 106, 401, 403, 801, 901 |
| 58-69, 73, 83-84 | Deposition excerpts and other print exhibits used during the Connecticut Action | Completeness; Relevance; Probative Value Outweighed (unfair prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence); Improper Expert Testimony; Hearsay; Lacking Foundation | FRE 106, 401, 403, 702, 801, 901 |

---

[2] The Federal Rules of Evidence ("FRE") cites are listed in a corresponding order with respect to the objections.