**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

1285 AVENUE OF THE AMERICAS   NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER
(212) 373-3253

WRITER'S DIRECT FACSIMILE
(212) 492-0253

WRITER'S DIRECT E-MAIL ADDRESS
kkimpler@paulweiss.com

August 6, 2023

**BY ECF**

Hon. Christopher M. Lopez
United States Bankruptcy Court
for the Southern District of Texas
Courtroom 401
515 Rusk
Houston, TX 77002

Re: *Wheeler, et al.* v. *Alexander E. Jones (In re: Alexander E. Jones)*, Adv. Pro. No. 23-03037 (CML) (the "Connecticut Action") and *Heslin, et al.* v. *Alexander E. Jones (In re: Alexander E. Jones)*, Adv. Pro. No. 23-03035 (CML) (the "Texas Action")

Dear Judge Lopez:

      We represent plaintiffs in the Connecticut Action, and we write on behalf of plaintiffs in both the Connecticut and Texas Actions (collectively, "Plaintiffs"). Plaintiffs have filed motions for summary judgment seeking declaratory judgments that the Connecticut and Texas Judgments[1] against Alexander Jones ("Defendant") are nondischargeable under Section 523(a)(6) of the Bankruptcy Code. This Court has scheduled oral argument on Plaintiffs' motions for August 15 at 10:00 a.m. This Court has also scheduled a status conference for August 7 at 3:00 p.m. to discuss oral argument logistics and evidentiary issues, including what the Court "should be considering as summary judgment evidence." *See* July 27 Hearing Tr. at 15:3, 21–23. We write concerning three evidentiary issues that we intend to raise during the August 7 status conference. The parties have met and conferred regarding these issues but have failed to reach an agreement.

      Jones Declarations. This Court should decline to consider the declarations submitted by Defendant in connection with his oppositions to Plaintiffs' motions. *See* ECF 61-1, Adv. Pro. No. 23-03037; ECF 32-1, Adv. Pro. No. 23-03035 (the "Jones Declarations"). Defendant relies on these self-serving Declarations to proffer "additional facts" about his intent and business operations that are not part of the state court records that produced the debts at issue. *See, e.g.*, ECF No. 61 at ¶¶ 5–20, Adv. Pro. No. 23-03037. These "additional facts" are irrelevant to the legal issues presented by Plaintiffs' summary judgment motions.

---

[1] Terms not otherwise defined have the meanings given to them in the parties' summary judgment briefing.

The principal legal question presented by the summary judgment motions is whether collateral estoppel applies to the factual findings made in the Connecticut and Texas Actions. Collateral estoppel is a retrospective analysis that considers whether facts and issues were "fully and fairly litigated," "actually decided," and "necessary to the judgment" in the *prior* action. *See Wiacek Farms, LLC* v. *Shelton*, 30 A.3d 27, 32 (Conn. App. 2011); *John G. & Marie Stella Kennedy Mem'l Found.* v. *Dewhurst*, 90 S.W.3d 268, 288 (Tex. 2002). Plaintiffs also argue in their summary judgment motions that the state court records themselves independently confirm that Defendant's conduct was willful and malicious. This analysis, too, is purely retrospective. *See, e.g.*, *In re Mahadevan*, 617 F. Supp. 3d 654, 665 (S.D. Tex. 2022) ("[A] court can look beyond the [state court] judgment and [jury] instructions to see if the *evidence produced in the state-court proceedings* supports a finding of intent" under Section 523(a)(6)). Defendant's post-judgment declarations of "additional facts" are outside of the closed factual records in the Connecticut and Texas Actions and cannot possibly inform whether the factual findings and judgments in those Actions are entitled to collateral estoppel effect or whether the debts in those Actions are for willful and malicious injury.

Indeed, Defendant expressly acknowledged the retrospective nature of these motions when he executed a stipulation—which was so-ordered by this Court—agreeing that the "motions for summary judgment will be focused on the *effect of the state court records*—that Jones is precluded from litigating *the state court findings and that the state court records* (which form the basis for those findings) entitle the Texas and Connecticut Plaintiffs to summary judgment on their claims."[2] This limiting provision, which was proposed by Defendant's counsel, appropriately cabins the summary judgment motions to a retrospective analysis of the state court records. The Jones Declarations are thus not only irrelevant but also directly contravene Defendant's agreement about the limited scope of these motions.[3]

<u>What evidence the Court can consider for summary judgment</u>. On July 27, the Court instructed the parties to endeavor to "agree on what [the Court] can consider for summary judgment." Plaintiffs submit that the Court can consider the Statements of Uncontested Material Facts and all the exhibits submitted by each party, except for the Jones Declarations.

Plaintiffs proposed this to Defendant on a meet and confer call on July 28 and again via email on August 2. In both communications, Plaintiffs noted that Defendant had asserted blanket objections to every single one of the dozens of exhibits that Plaintiffs submitted with their motions, but that Plaintiffs did not believe the objections were meritorious. Accordingly, Plaintiffs requested that Defendant identify any exhibits to which he maintains objections and the

---

[2] *See* ECF 40 at 3–4, Adv. Pro. No. 23-03037; ECF 13 at 3–4, Adv. Pro. No. 23-03035.

[3] Even if this Court considers the Jones Declarations at summary judgment, they do not help his argument. For example, as Plaintiffs argue in their briefs, Defendant claims in his Declarations that he no longer believed his Sandy Hook lies by July 2015, but acknowledges continuing to tell his audience after that date that the "official story of Sandy Hook has more holes in it than Swiss cheese," the shooting was "phony as a three-dollar bill," and the Sandy Hook Families were "actors" whose grief was not "real." *See* ECF 33, ¶¶ 15, 18, Adv. Pro. No. 23-03035.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

3

basis for his objection. On the July 28 call, Defendant agreed to do so by early the week of July 31. On August 2, having received no response, Plaintiffs reiterated their request via email. Defendant still has not identified any exhibits to which he maintains an objection. Accordingly, Plaintiffs believe that the Court may consider all exhibits submitted by the parties, except the Jones Declarations to which Plaintiffs object.

To the extent Defendant reasserts objections to Plaintiffs' exhibits, such objections would be meritless. Plaintiffs submitted attorney declarations with their summary judgment motions that attached as exhibits record evidence from the Connecticut and Texas Actions, including pleadings, court orders, trial exhibits and testimony, and other docket entries.[4] The attorneys who signed the attorney declarations declared under penalty of perjury that the attached exhibits were true and correct records from the respective state court proceedings. This Court can and should consider these state court records in connection with Plaintiffs' motions for summary judgment.

In opposing Plaintiffs' motions, Defendant objected to *every* piece of state court record evidence submitted in support of Plaintiffs' motions.[5] Defendant argued that these exhibits, and Plaintiffs' Statements of Undisputed Material Facts based on the exhibits, "consist[] solely of allegations from pleadings, courts orders, and untested exhibits and witness statements," which are purportedly "edited and presented without context" and inappropriate because "the issue here will turn on whether Movants are entitled to summary judgment as a matter of law, rather than factual disputes over what the record says." Defendant further claims that certain documents "speak for themselves" and that others are "immaterial to the § 523(a)(6) collateral estoppel issue" or "will not meaningful assist the Court."

None of these objections counsels against the Court's consideration of Plaintiffs' exhibits. Defendant does not dispute the *accuracy or authenticity* of any exhibit. Nor does Defendant dispute that each exhibit is part of the state court records that produced the debts at issue. As discussed above, the issues presented by Plaintiffs' motions solely concern whether the state court records and judgments entitle Plaintiffs to summary judgment on their Section 523(a)(6) claims. *See, e.g.*, *In re Rabalais*, 2012 WL 42101, at *4 (Bankr. S.D. Tex. Jan. 9, 2012) ("In determining whether collateral estoppel is appropriate, the bankruptcy court should not rely just on the judgment itself, but should also look to the record of the state proceeding.").

Moreover, as a matter of full faith and credit, federal law requires that the authenticated "records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States" and that "[s]uch Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession

---

[4] *See* ECF 57.3–23; 58.1–28, 59.1–34, Adv. Pro. No. 23-03037; ECF 23.1–46, Adv. Pro. No. 23-03035.

[5] *See* ECF 62 at 12, Adv. Pro. No. 23-03037; ECF 33 at 13, Adv. Pro. No. 23-03035.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

4

from which they are taken." 28 U.S.C. § 1738. As noted, Defendant does not dispute the authenticity of these state-court records. And Defendant *agreed* to limit the scope of these motions to "the effect of the state court records." Thus, the indisputably accurate state court records attached to Plaintiffs' motions must be afforded full faith and credit in connection with those motions.

Defendant is free to argue, as he does, that he believes certain state court records are "immaterial" or "will not meaningfully assist the Court." Plaintiffs obviously disagree. But this disagreement does not preclude the Court from *considering* the evidence and reaching its own determination about its relevance and materiality. Defendant's contention that Plaintiffs submitted "untested exhibits and witness statements" is factually inaccurate, as Defendant's counsel raised numerous evidentiary objections and vigorously cross-examined witnesses during the state court proceedings. And it is legally irrelevant, as the exhibits and witness testimony are *precisely* the evidence that was considered by the courts and juries that issued the Connecticut and Texas Judgments. Finally, if Defendant believes that certain unspecified evidence was "presented without context," the proper course was for Defendant to present his own evidence from the state court records to provide the missing context. His failure to do so is telling and does not counsel against the consideration of Plaintiffs' evidence. Ultimately, all of Defendant's evidentiary objections are improper collateral attacks that he could have raised in the Connecticut and Texas Actions (some of which he may have done) or in his direct appeals of the judgments in those Actions. *In re Rabalais*, 496 F. App'x 498, 500 (5th Cir. 2012) ("federal courts lack jurisdiction to entertain collateral attacks on state court judgments," and such "attacks" must be "raised on appeal in the [state] court system, not before a federal bankruptcy court.").

<u>Video evidence</u>. Plaintiffs seek permission to play a handful of short video clips at the summary judgment hearing as part of their oral presentations. The video clips include evidence from the state court record that was included as exhibits to Plaintiffs' summary judgment motions, and videos of trial testimony from the state court actions, transcripts of which were included as exhibits to Plaintiffs' motions. The content of these video clips was discussed in Plaintiffs' summary judgment briefs. Defendant expressed his intent to object to the presentation of any video evidence during the hearing.

\*   \*   \*

We appreciate the Court's consideration of these issues and are prepared to answer any questions the Court may have during the August 7 hearing.

Respectfully,

*/s/ Kyle J. Kimpler*
Kyle J. Kimpler

*Counsel for the Connecticut Plaintiffs*

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

5

CC (via ECF):

CROWE & DUNLEVY, P.C.
Vickie L. Driver
Christina W. Stephenson
J. Christopher Davis
Deric J. McClellan

*Counsel for Defendant*


WILLKIE FARR & GALLAGHER LLP
Jennifer J. Hardy
Rachel C. Strickland
Stuart R. Lombardi
Ciara A. Sisco

MCDOWELL HETHERINGTON LLP
Avi Moshenberg

CHAMBERLAIN, HRDLICKA, WHTIE, WILLIAMS, & AUGHTRY, P.C.
Jarrod B. Martin

*Counsel for the Texas Plaintiffs*