## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re<br><br>Alexander E. Jones,<br><br>     Debtor, | Bankruptcy<br>Case No. 22-33553 (CML)<br><br>Chapter 7 |
| David Wheeler, Francine Wheeler, Jacqueline Barden, Mark Barden, Nicole Hockley, Ian Hockley, Jennifer Hensel, Donna Soto, Carlee Soto Parisi, Carlos M. Soto, Jillian Soto-Marino, William Aldenberg, William Sherlach, Robert Parker, and Erica Ash,<br><br>     Plaintiffs,<br><br>   v.<br><br>Alexander E. Jones and Free Speech Systems, LLC,<br><br>     Defendants. | Adv. Pro. No.: 23-03037 (CML) |

## REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL RECONSIDERATION OF THE OCTOBER 19, 2023 ORDER ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

## <u>TABLE OF CONTENTS</u>

**Page**

PRELIMINARY STATEMENT ........................................................................................ 1

ARGUMENT ................................................................................................................... 2

I.      Summary Judgment as to Common-Law Punitive Damages Is Warranted........................ 2

II.     Summary Judgment as to Compensatory Damages Should Not Be Reconsidered. ........... 6

CONCLUSION ................................................................................................................. 9

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re Abbo*,
   168 F.3d 930 (6th Cir. 1999) ............................................................................4, 5

*Cohen* v. *de la Cruz*,
   523 U.S. 213 (1998)..........................................................................................1, 2, 3

*Gober* v. *Terra*
   *+ Corp.* (*In re Gober*), 100 F.3d 1195 (5th Cir. 1996).....................................3, 5

*Heslin* v. *Jones (In re Jones)*,
   No. 22-33553, 2023 WL 6938266 (Bankr. S.D. Tex. Oct. 19, 2023) (Texas
   Adv. Dkt. 46) ...........................................................................................................7

*Lafferty* v. *Jones*,
   2022 WL 18110184 (Conn. Super. Ct. Nov. 10, 2022).........................................6

*In re Mahadevan*,
   617 F. Supp. 3d 654 (S.D. Tex. 2022) ..................................................................8

*In re McNallen*,
   62 F.3d 619 (4th Cir. 1995) ...............................................................................4, 5

*In re Scarborough*,
   171 F.3d 638 (8th Cir. 1999) ................................................................................4

*In re Scarbrough*,
   516 B.R. 897 (Bankr. W.D. Tex. 2014)................................................................7

*Stokes* v. *Ferris*,
   150 B.R. 388 (W.D. Tex. 1992), *aff'd*, 995 F.2d 76 (5th Cir. 1993).....................4

*Wheeler* v. *Laudani*,
   783 F.2d 610 (6th Cir. 1986) ................................................................................7

*Wise* v. *Peterson (In re Peterson)*,
   452 B.R. 203 (Bankr. S.D. Tex. 2011) .................................................................4

**Statutes**

11 U.S. Code § 523(a)...................................................................................................2, 3, 4

11 U.S. Code § 523(a)(2)(A) .............................................................................................3

## **TABLE OF AUTHORITIES**
### **(Continued)**

**Page(s)**

11 U.S. Code § 523(a)(6)................................................................................................................3, 5

## PRELIMINARY STATEMENT

Plaintiffs' Motion demonstrated that once a debtor has been found to have inflicted a willful and malicious injury—as Jones concededly has—all liabilities "broadly . . . arising" from that injury are non-dischargeable, *Cohen* v. *de la Cruz*, 523 U.S. 213, 220 (1998), including the common law punitive damages at issue here.  Yet Jones's Response all but ignores this straightforward basis for reconsideration, relegating it to just four slapdash paragraphs at the end of his brief, where he fails to meaningfully engage with Plaintiffs' numerous cases.  Jones also fails to cite even a single case of his own from any court anywhere in the country holding—as he asks this Court to hold—that, even where a debtor was found to have acted willfully and maliciously, certain damages resulting from that same conduct could still be dischargeable. Jones's inability to respond to Plaintiffs' Motion on the merits speaks volumes.

Instead, Jones tries to change the subject by fixating on an unrelated issue—the recitation of the elements in the Connecticut jury instructions.  Jones's arguments on these points—attempts to have the Court reverse itself on the central aspect of its non-dischargeability opinion—are meritless.  His myopic focus on a few lines in jury instructions ignores specific factual findings in those instructions establishing willful and malicious conduct, and it ignores a wealth of other material from the state court record that this Court considered in its Order, including the CUTPA punitive damages decision and the deemed-admitted allegations from the Connecticut complaint. The Court already correctly rejected Jones's argument once, and it should do so again here.  And Jones's argument about jury instructions again misses the central point—he does not and cannot dispute that he was found to have acted willfully and maliciously, which is sufficient to grant Plaintiffs' Motion.  Whether certain jury instructions *also* supported that finding is irrelevant.

Jones's Response seeks to force the parties and the Court into an unnecessary and inequitable result.  Jones would have the parties engage in protracted discovery—including

1

discovery that Jones thoroughly frustrated in Connecticut—and, eventually, trial, over one factual issue:  whether Jones's debts arose from willful and malicious injury, *i.e.*, conduct that was "intentional and malicious" and "certain to cause harm."  As this Court correctly determined, that issue has already been preclusively determined.  That determination applies to *all of* the resulting damages.  As the Southern District of Texas advised in denying Jones leave to appeal, this Court would be "well-served to hear and address [these] issues before it proceeds to trial and final resolution."  Reconsideration of the denial of summary judgment on common-law punitive damages is appropriate, and Plaintiffs should be granted summary judgment on all damages.

## ARGUMENT

### I.    Summary Judgment as to Common-Law Punitive Damages Is Warranted.

As *Cohen* v. *de la Cruz*, 523 U.S. 213 (1998) makes clear, all debts "broadly . . . arising" from a "willful and malicious injury" are nondischargeable.  Mot. 6-8; *see Cohen*, 523 U.S. at 220–21 (the phrase "debt for" used in § 523(a) is "best read to prohibit the discharge of any liability arising from" the relevant "category of nondischargeable debt," including treble damages and attorneys' fees).  The Order already held that damages awarded to Plaintiffs—including CUTPA punitive damages, which Jones does not dispute at this stage, ¶ 33[1]—flow from willful and malicious injury.  Mot. 6; Order at 9–16.  Specifically, the Order gave preclusive effect to the findings in the CUTPA punitive damages award that Jones's conduct "was intentional and malicious, and certain to cause harm," *id.* at 16, as well as the "deemed admitted allegations" in the complaint "about Jones's intent to cause the Plaintiffs harm or substantial certainty that Jones's

---

[1]    Citations in the form of ¶ __ reference paragraphs in Debtor Alex Jones's Response to Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion (Dkt. 107).  Citations in the form of Mot. __ reference Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion (Dkt. 98).  Capitalized terms not otherwise defined have the same meanings as in Plaintiffs' Motion.

actions would cause harm," *id.* at 10.  Because all of the damages awarded to Plaintiffs flow from that same conduct and injury, they are all nondischargeable.  *See* Mot. 6–8 (collecting numerous cases to this effect).

Insofar as the Response even discusses these issues at all (*see* ¶¶ 28–31), it only identifies superficial distinctions in Plaintiffs' cases that make no difference.  First, Jones suggests that *Cohen* is inapposite because it did not involve the application of § 523(a)(6).  ¶ 29.  That suggestion is difficult to credit given that the Supreme Court's decision relied on equating the provision at issue (§ 523(a)(2)(A)) with § 523(a)(6).  *See Cohen*, 523 U.S. at 214 (citing § 523(a)(6) as an example of a provision that "mean[t] 'debt as a result of,' 'debt with respect to,' 'debt by reason of,' and the like, connoting broadly any liability arising from the specified object."); *id.* (then observing that "the presumption that equivalent words have equivalent meaning when repeated in the same statute . . . has particular resonance here") (citation omitted).  After citing and discussing both § 523(a)(2)(A) and § 523(a)(6)—which each make "debt for" certain kinds of conduct non-dischargeable—the Supreme Court stated that "each use of 'debt for' in § 523(a) *serves the identical function of* introducing a category of nondischargeable debt."  *Id.* at 220 (emphasis added).  Accordingly, the notion that *Cohen* does not provide guidance on § 523(a)(6) is specious.

Next, Jones claims that *Cohen* (and other cases like it from this Circuit) are distinguishable because they "did not involve a default judgment" or "the application of the doctrine of collateral estoppel."  ¶¶ 29–30.  That ignores the cases cited in Plaintiffs' Motion that *did* involve default judgments and collateral estoppel.  *E.g.*, *Gober* v. *Terra + Corp.* (*In re Gober*), 100 F.3d 1195, 1208 (5th Cir. 1996).  Regardless, it is another distinction without a difference.  *Cohen*—and all of the other decisions cited by Plaintiffs, *see* Motion at 6–8—make clear that debts arising from

the same underlying conduct must be given the same non-dischargeability treatment under § 523(a). *See*, *e.g.*, *Stokes* v. *Ferris*, 150 B.R. 388, 390, 393 (W.D. Tex. 1992), *aff'd*, 995 F.2d 76 (5th Cir. 1993); *Wise* v. *Peterson (In re Peterson)*, 452 B.R. 203, 240 & n.38 (Bankr. S.D. Tex. 2011). It is not relevant how the debtor's underlying conduct was proved in the first instance (*i.e.*, trial, default judgment, or summary judgment), or how § 523(a)'s requirements are proved at the bankruptcy court level (*i.e.*, collateral estoppel or otherwise). None of Plaintiffs' cases draw any such distinctions. Jones does not cite a single case that does, nor does Jones explain why drawing these distinctions would make any logical sense (they do not). Plaintiffs' cases all stand for the basic proposition that once it has been proven that a debtor's conduct was "intentional and malicious" and "certain to cause harm," all debts that "flow from the debtor's willful and malicious conduct are nondischargeable." *Stokes* v. *Ferris*, 150 B.R. at 393. That is the case here, irrespective of how those facts were proven.

Jones also fails to distinguish the cases from numerous other jurisdictions reinforcing *Cohen*'s holding. *See* Mot. at 8. For example, Jones's only response to *In re Scarborough*, 171 F.3d 638 (8th Cir. 1999), is that the case involved the "application of Missouri law rather than Connecticut law and claims of malicious prosecution and abuse of process rather than defamation and IIED." ¶ 30. Those facts are irrelevant to the key point in *Scarborough*: "[W]here the compensatory and punitive damage awards are based on the same underlying conduct, and the judgment for compensatory damages is nondischargeable because it is based on willful and malicious injury to another, then the punitive damages award is likewise nondischargeable." *In re Scarborough*, 171 F.3d at 644. Jones does not seriously argue to the contrary. Similarly, Jones's Response points out that *In re Abbo*, 168 F.3d 930 (6th Cir. 1999) and *In re McNallen*, 62 F.3d 619 (4th Cir. 1995) involved different causes of action and that "willful and malicious injury" was

proven in different ways in those cases, ¶ 30, but the Response does not and cannot dispute that in each case, an award of punitive damages was held to be non-dischargeable because it "sprang from the same conduct giving rise to compensatory damages." *In re McNallen*, 62 F.3d at 627; *see also In re Abbo*, 168 F.3d at 931 ("The language of section 523(a)(6) is directed at the nature of the conduct which gives rise to the debt, rather than the nature of the debt."). That key similarity makes both cases directly applicable to this case.

The same is true for *Gober* v. *Terra + Corp. (In re Gober)*, 100 F.3d 1195 (5th Cir. 1996). Jones attempts to distinguish *Gober* on the basis that the application of collateral estoppel there relied on "specific findings from the state court based on damages hearing evidence, not on the allegations in the underlying state-court petitions." ¶ 31. That is no distinction at all. As the Court previously observed, the state court here also made "specific findings about an objective certainty of harm and a subjective motive to cause harm in connection with the defamation and intentional infliction of emotional distress claims." Order at 16. For example, in its CUTPA damages opinion, when analyzing "***the most important consideration***"—the "***degree of relative blameworthiness***," or whether the defendants' conduct was "reckless, intentional, or malicious"—the state court held:

> The record ***clearly supports*** the plaintiffs' argument that ***the defendants' conduct was intentional and malicious***, and ***certain to cause harm*** by virtue of their infrastructure, ability to spread content, and massive audience including the "infowarriors." The record also establishes that the defendants repeated the conduct and attacks on the plaintiffs for nearly a decade, including during the trial, wanton, ***malicious, and heinous conduct*** that caused harm to the plaintiffs. This depravity, and cruel, persistent course of conduct by the defendants establishes ***the highest degree of reprehensibility and blameworthiness***.

Order at 5 (citing Dkt. 58-2, Ex. 22 at 43–44) (emphases in original and added) (internal quotations omitted). Jones also wrongly claims that the common-law punitive damages in the Connecticut case were "a separate cause of action." ¶ 31. He does not explain why that would make any difference, and in any case, he is wrong. As in *Scarborough*, *Abbo, and McNallen*, common-law

punitive damages were awarded in Connecticut as an additional form of damages in connection with Jones's underlying tort liability.  *See Lafferty* v. *Jones*, 2022 WL 18110184, at *2 (Conn. Super. Ct. Nov. 10, 2022).

Aside from these irrelevant distinctions, the Response offers no further counterargument to Plaintiffs' Motion.  Tellingly, Jones does not cite a single case—not one—in which a court held that despite a finding of willful and malicious conduct, some damages resulting from that conduct were dischargeable.  Of course, Jones himself has previously argued that the damages here should rise and fall together.  Notwithstanding the Response's belated attempt to backpedal, ¶ 5, Jones previously argued that "all the damages at issue are inextricably intertwined with each other," and that "[i]f the Bankruptcy Court really did rely on the allegations from the complaint and the CUTPA order . . . there's no reason why it couldn't have done so in the common law, punitive damages as well."  Mot. at 4–5.  Jones's admissions and his failure to engage with the Motion make clear that reconsideration and summary judgment on common law punitive damages are warranted.

## II.     Summary Judgment as to Compensatory Damages Should Not Be Reconsidered.

The balance of the Response asks the Court to reconsider its correct determination granting summary judgment to Plaintiffs because the Connecticut record, including the jury instructions, preclusively establishes that the compensatory damages arose from willful and malicious injury. Jones's argument should be rejected.

Jones's fixation on "disjunctive" jury instructions is completely misplaced.  As this Court correctly observed in the Order, the Connecticut court's jury instructions, unlike the jury instructions in the cases string-cited in the Response, ¶¶ 11–12, "contain specific findings premised on the default judgment—not a broad general charge lacking in detail."  Order at 14.  For example, the Connecticut court instructed the jury that "[t]he defendants defamed the plaintiffs by

accusing them of faking their children's death, being crisis actors, and fraudulently misrepresenting themselves to the public at large," and that "[D]efendants proximately caused harm to the plaintiffs by spreading lies about the plaintiffs to their audience and the public by urging their audience and the public to investigate and look into the plaintiffs and to the stop the people supposedly being the Sandy Hook hoax." Order at 3, 13 (quoting jury instructions). These specific findings are sufficient to establish that Jones's conduct was intentional and malicious and certain to cause harm. *See* Order at 14 ("the language of the jury instructions confirms that the damages awarded flow from the allegation of intent to harm the Plaintiffs").

None of the cases cited in the Response (¶¶ 11–12) involve jury instructions with such specific findings. *Wheeler* v. *Laudani*, 783 F.2d 610 (6th Cir. 1986) is illustrative. There, the jury instructions merely recounted the plaintiff's "theory" without providing specific factual findings, and the jury returned only a "general verdict." *Id.* at 615. The court therefore ordered the bankruptcy court to "to obtain the entire trial court transcript and to review the record." *Id.* at 615–16. There were no "specific findings premised on [a] default judgment," as here. Order at 14.[2]

As this Court also recognized, *In re Scarbrough*, 516 B.R. 897 (Bankr. W.D. Tex. 2014) supports the application of collateral estoppel here. Order at 14–15. Jones concedes that *In re Scarbrough* involved the application of collateral estoppel even despite a "disjunctive" state-court jury instruction on defamation, ¶ 18, yet Jones asserts that *In re Scarbrough* is inapposite because "[Jones] was not allowed to testify to his culpability in the Connecticut Action," ¶ 17. The Response does not cite any authority in support of that novel proposition. Indeed, the Response

---

[2] For the same reason, the Order is completely consistent with this Court's reasoning in *Heslin* v. *Jones (In re Jones)*, No. 22-33553, 2023 WL 6938266 (Bankr. S.D. Tex. Oct. 19, 2023) (Texas Adv. Dkt. 46). The Texas jury instructions similarly did not contain specific factual findings sufficient to establish willful and malicious injury. *Id.*, Dkt. 29-5, at 6.

does not and cannot dispute the "fully and fairly litigated" prong of collateral estoppel at all. As this Court correctly determined, Jones "had the opportunity to participate in the state court litigation for three years before the default judgment was entered" and "[h]e then participated in the damages trial and presented evidence on that issue." Order at 10.

Jones also attempts to distinguish the Fifth Circuit's decision in *In re Scarbrough* on the basis that the court conducted a broader consideration of the record and concluded that "the record reflects clear and specific findings as to Scarbrough's state of mind." ¶ 18. Again, far from distinguishing *Scarbrough* in any sense, that argument **supports** its application here, where the record as a whole also contains clear and specific findings about Jones's intent. *See*, *e.g.*, Order at 10 ("The Plaintiffs' complaints contain multiple well pleaded allegations about Jones's intent to cause the Plaintiffs harm or substantial certainty that Jones's actions would cause harm, all of which are deemed admitted as a result of the default judgment."); Order at 14 ("[T]here are specific findings about an objective certainty of harm and a subjective motive to cause harm in connection with the defamation and intentional infliction of emotional distress claims."); Order at 16 ("The record clearly supports the plaintiffs' argument that *the defendants' conduct was intentional and malicious*, and *certain to cause harm* by virtue of their infrastructure, ability to spread content, and massive audience including the 'infowarriors.'") (quoting CUTPA punitive damages decision). And Jones tries to distinguish Scarborough on the basis that the defendant "engaged in countless acts of outrageous conduct," ¶ 14, but that precisely describes Jones's conduct too.

*In re Mahadevan*, 617 F. Supp. 3d 654 (S.D. Tex. 2022), does not support a different result. ¶ 21. Like the other cases that Jones relies on, *Mahadevan* did not involve specific findings premised on a default judgment. *Id.* at 663–64. Moreover, the plaintiff in *Mahadevan* did not submit any "evidence [from] the state-court proceedings that support[ed] a finding of intent." ¶ 22.

In contrast, here, there is ample state-court evidence establishing Jones's intent. Jones claims that "in its Order, the Court did not point to any other evidence from the record showing that Debtor acted intentionally," ¶ 23, but that is flat-out false. As this Court expressly recognized, the CUTPA punitive damages award contains "specific findings about an objective certainty of harm and a subjective motive to cause harm in connection with the defamation and intentional infliction of emotional distress claims." Order at 16. Similarly, the deemed admitted allegations establish "Jones's intent to cause the Plaintiffs harm or substantial certainty that Jones's actions would cause harm." Order at 10.[3] Jones concededly tried all of these same arguments in his motion for leave to appeal, *see* Response at 4 n.1, and, while the District Court did not expressly weigh in on them, it also found nothing manifestly wrong in this Court's Order. The Court's ruling on compensatory damages does not warrant reconsideration.

Finally, even putting aside that the jury instructions establish the preclusive effect of the compensatory damages award, summary judgment is still warranted. Those damages arose from the same willful and malicious injury as the CUTPA punitive damages award, and even Jones does not seriously dispute this Court's findings as to CUTPA punitive damages. ¶ 33.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request that this Court reconsider its Order to grant summary judgment as to common law punitive damages.

---

[3]   Jones argues that reconsideration is nonetheless warranted because Section II.B of the Order discussed the jury instructions without "circl[ing] back" to other evidence of willful and malicious injury. ¶ 23 n.2. His cramped reading, however, ignores that the deemed-admitted allegations and CUTPA punitive damages order are considered through*out* the Order. Order at 3–6, 9–16.

Dated: November 11, 2024
      New York, New York

CAIN & SKARNULIS PLLC

By: */s/ Ryan E. Chapple*      
    Ryan E. Chapple
    State Bar No. 24036354
303 Colorado Street, Suite 2850
Austin, Texas  78701
Telephone:  (512) 477-5000
Fax:  (512) 477-5011

*Counsel to Plaintiffs*

PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
Kyle J. Kimpler
Paul A. Paterson
Daniel A. Negless
Vida Robinson
1285 Avenue of the Americas
New York, New York  10019-6064
Telephone:  (212) 373-3000
Fax:  (212) 757-3990

*Counsel to Plaintiffs*

KOSKOFF KOSKOFF & BIEDER PC
Alinor C. Sterling
350 Fairfield Avenue
Bridgeport, Connecticut  06604
Telephone:  (203) 336-4421

*Counsel to Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument was filed and served on all persons entitled to receive notice via operation of this Court's CM/ECF system on November 11, 2024.

*/s/ Ryan E. Chapple*

Ryan E. Chapple

## <u>CERTIFICATE OF WORD COUNT</u>

This document complies with the type-volume limit of Fed. R. Bankr. P. 8015(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. Bankr. P. 8015(g), this document contains 3,043 words.

Dated: November 11, 2024

*/s/ Ryan E. Chapple*
Ryan E. Chapple
