IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re<br><br>Alexander E. Jones,<br><br>    Debtor, | Bankruptcy<br>Case No. 22-33553 (CML)<br><br>Chapter 7 |
| David Wheeler, Francine Wheeler, Jacqueline Barden, Mark Barden, Nicole Hockley, Ian Hockley, Jennifer Hensel, Donna Soto, Carlee Soto Parisi, Carlos M. Soto, Jillian Soto-Marino, William Aldenberg, William Sherlach, Robert Parker, and Erica Ash,<br><br>    Plaintiffs,<br><br>    v.<br><br>Alexander E. Jones and Free Speech Systems, LLC,<br><br>    Defendants. | Adv. Pro. No.: 23-03037 (CML) |

**CONNECTICUT FAMILIES' RESPONSE TO
ALEXANDER E. JONES'S REQUEST THAT THE COURT CANCEL ITS ORAL
RULING SCHEDULED FOR NOVEMBER 25, 2024 ON NONDISCHARGEABILITY**

Jones brazenly asks the Court to "delay or continue" its upcoming oral ruling on the Connecticut Families'[1] motion for reconsideration of the Court's decision on the nondischargeability of their claims so that Jones can rehash patently meritless and already-rejected arguments in his own, belated motion. Adv. Pro. No. 23-03037, Dkt. 111 (the "Notice"). The Court should reject Jones's request. The Connecticut Families filed their motion for reconsideration more than two months ago after discussing that motion with the Court and Jones's counsel at an earlier status conference. Briefing on the motion—including a detailed brief from Jones, which he received a three-week extension to file—is closed. The upcoming oral ruling has been scheduled for weeks. Retaining new counsel does not afford Jones the right to stall further or seek endless re-dos. The Connecticut Families will not further burden the Court with an exhaustive response to Jones's meritless and meandering Notice,[2] but a brief response to its two baseless arguments for reconsideration is warranted.

*First*, Jones contends that collateral estoppel cannot apply to establish non-dischargeability because "the Connecticut Judgment has not been subject to appellate review." Notice ¶ 10. That is not the law. The Connecticut Supreme Court "has held the judgment of a trial court to be final, despite a pending appeal," for the purposes of preclusion doctrines. *Enfield Fed. Sav. & Loan Ass'n* v. *Bissell*, 440 A.2d 220, 222 (Conn. 1981) (citing *Salem Park, Inc.* v. *Salem*, 176 A.2d 571, 573 (Conn. 1961)); *see also LaBow* v. *Rubin*, 897 A.2d 136 (Conn. App. Ct. 2006) (same); *Tunick* v. *DiPreta*, 2022 WL 1487581, at *14 (Conn. Super. Ct. May 11, 2022) ("a trial court decision

---

[1] The "Connecticut Families" are Mark Barden, Jacqueline Barden, Francine Wheeler, David Wheeler, Ian Hockley, Nicole Hockley, Jennifer Hensel, William Aldenberg, William Sherlach, Carlos M. Soto, Donna Soto, Jillian Soto-Marino, Carlee Soto Parisi, Robert Parker, and Erica Ash.

[2] The Connecticut Families will respond separately to matters raised in the Notice, along with various other pleadings, about the sale of Free Speech Systems, LLC's ("FSS's") assets.

1

that is final is entitled to preclusive effect, even if an appeal is pending"); Restatement (Second) of Judgments § 16, cmt. a (1982) ("a judgment in an action may be regarded as final for purposes of res judicata, and be entitled to conclusive effect in a second action, notwithstanding the fact that it is still liable to be nullified, for example, by a post-judgment motion such as a motion for a new trial, or by reversal on appeal"). The Notice does not cite any authority suggesting that trial court decisions are only entitled to preclusive effect after affirmance on appeal, and countless decisions have held to the contrary. *E.g. In re Massie*, 2018 WL 3218847, at *1, 3–4 (Bankr. D. Conn. June 29, 2018) (finding judgment non-dischargeable based on collateral estoppel application to default judgment); *In re Bugnacki*, 439 B.R. 12, 25–28 (Bankr. D. Conn. 2010) (similar).

Jones's entire argument is based on an out-of-context quote of an inapplicable rule: "[a] party must receive one opportunity for appellate review before it will be subject to the application of collateral estoppel." *State* v. *Charlotte Hungerford Hosp.*, 60 A.3d 946, 950 (Conn. 2013) (citing *Comm'r of Motor Vehicles* v. *DeMilo & Co.*, 659 A.2d 148, 157 (Conn. 1995)). That principle has nothing to do with this case. It concerns judgments unreviewable as a matter of law—for example, "because of mootness." *Charlotte Hungerford Hosp.*, 60 A.3d at 950; Restatement (Second) of Judgments § 28 (1982) ("relitigation of the issue in a subsequent action between the parties is not precluded" where "[t]he party against whom preclusion is sought could not, as a matter of law, have obtained review of the judgment in the initial action," such as where "the controversy has become moot, or because the law does not allow review of the particular category of judgments"); *see also Comm'r of Motor Vehicles* v. *DeMilo & Co.*, 659 A.2d 148, 157 (Conn. 1995) (it would be "inequitable to impose on a party the adverse res judicata effects of a district court judgment when that party was denied the opportunity for appellate review through no fault of its own"). Here, the Connecticut court issued a final judgment reviewable on appeal.

2

In fact, Jones appealed it. Notice ¶¶ 3, 16. But under black letter law, the pendency of that appeal does not preclude application of collateral estoppel.

*Second*, Jones asserts that he will move for reconsideration of the Court's decision on the basis that the Connecticut judgment violates the First Amendment of the U.S. Constitution. This Court already correctly rejected that argument following extensive briefing on that exact issue. *See* Adv. Pro. No. 23-03037, Dkt. 76 ("Order") at 12; *id.*, Dkt. 61 (Opposition to the Connecticut Families' Motion for Summary Judgment) ¶¶ 59–88 (30-paragraph argument by Jones as to why the First Amendment supposedly precluded collateral estoppel); *id.*, Dkt. 66 (Connecticut Families' Reply in Support of Motion for Summary Judgment) at 13–18 (response). As this Court correctly noted, Jones is free to lodge "his constitutional arguments with the appropriate state appellate forum," Order at 12, but he cannot use this adversary proceeding to collaterally attack the Connecticut judgment, *see In re Rabalais*, 496 F. App'x 498, 500 (5th Cir. 2012) ("federal courts 'lack jurisdiction to entertain collateral attacks on state court judgments'" (quoting *Liedtke* v. *State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994))). Thus, this Court correctly noted that Jones's constitutional arguments are not "a basis for this Court to ignore the plain language of the state court's default judgment or the damages awards." Order at 12.[3]

Moreover, Jones already explicitly abandoned that argument at this stage. Jones's

---

[3] Even the few cases cited by Jones confirm that his argument raises nothing new. For example, he cites *Allen* v. *McCurry*, 449 U.S. 90, 104 (1980), a case brought under the Civil Rights Act of 1871, for the proposition that he can avoid application of collateral estoppel if "state procedural law" was inadequate. But as the Supreme Court expressly said, any such exception "would be essentially the same as the important general limit on rules of preclusion that already exists: Collateral estoppel does not apply where the party against whom an earlier court decision is asserted did not have a full and fair opportunity to litigate the claim or issue decided by the first court." *Id.* at 101. Jones already repeatedly argued that he did not have a fair opportunity to litigate, *see, e.g.*, Adv. Pro. No. 23-03037, Dkt. 61 ¶¶ 77–88, and the Court rejected those arguments after detailed consideration. Adv. Pro. No. 23-03037, Dkt. 76 at 9 (section titled "The issues were fully and fairly litigated").

Response to the Connecticut Families' motion for reconsideration states: "Debtor suspects the Court is unwilling to reconsider … whether the Connecticut order violates the First Amendment … and will address [that argument] on appeal."  Adv. Pro. No. 23-03037, Dkt. 107 at 17.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court reject Jones's request to continue its oral ruling on the Connecticut Families' motion for reconsideration.

Dated: November 24, 2024
New York, New York

**CAIN & SKARNULIS PLLC**

By: _/s/ Ryan E. Chapple_
Ryan E. Chapple
State Bar No. 24036354
303 Colorado Street, Suite 2850
Austin, Texas 78701
Telephone: (512) 477-5000
Fax: (512) 477-5011

_Counsel to the Connecticut Families_

**PAUL, WEISS, RIFKIND,**
**WHARTON & GARRISON LLP**
Kyle J. Kimpler
Paul A. Paterson
Daniel A. Negless
Vida Robinson
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Fax: (212) 757-3990

_Counsel to the Connecticut Families_

**KOSKOFF KOSKOFF & BIEDER PC**
Alinor C. Sterling
350 Fairfield Avenue
Bridgeport, Connecticut 06604
Telephone: (203) 336-4421

_Counsel to the Connecticut Families_

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was filed and served on all persons entitled to receive notice via operation of this Court's CM/ECF system on November 24, 2024.

*/s/ Ryan E. Chapple*
Ryan E. Chapple

**CERTIFICATE OF WORD COUNT**

This document complies with the type-volume limit of Fed. R. Bankr. P. 8015(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. Bankr. P. 8015(g), this document contains 1,478 words.

Dated: November 24, 2024

                                                  */s/ Ryan E. Chapple*
                                                Ryan E. Chapple