United States Bankruptcy Court
Southern District of Texas
**ENTERED**
March 20, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 22-33553 |
| ALEXANDER E. JONES, | § | |
| | § | CHAPTER 7 |
| Debtor. | § | |
| | § | |
| DAVID WHEELER, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | ADVERSARY NO. 23-03037 |
| | § | |
| ALEXANDER E. JONES, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING RECONSIDERATION
(RE: ECF NO. 127)

Alex Jones asks this Court to reconsider its October 2023 Memorandum Decision granting Connecticut Plaintiffs' Motion for Summary Judgment Against Jones (ECF No. 79). Jones's motion seeks reconsideration under Federal Rule of Civil Procedure 60(b)(1) and 60(b)(6).

Federal Rule of Civil Procedure 60 applies to bankruptcy cases through Federal Rule of Bankruptcy Procedure 9024. FED. R. BANKR. P. 9024. Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; [or] . . . (6) any other reason that justifies relief. FED. R. CIV. P. 60(b).

Rule 60(b)(6) is a general catch-all phrase and is reserved for "extraordinary circumstances." *Buck v. Davis*, 580 U.S. 100, 123 (2017) (citation omitted); *Diaz v. Stephens*, 731 F.3d 370, 374 (5th Cir. 2013) (same). The United States Supreme

Court has held that Rule 60(b) "provides courts with authority adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice. . . while also cautioning that it should only be applied in extraordinary circumstances." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988) (citations and internal quotations omitted). The Fifth Circuit has also held that:

> Rule 60(b)(6) is a grand reservoir of equitable power to do justice in a particular case. However, we have also narrowly circumscribed its availability, holding that Rule 60(b)(6) relief will only be granted only if extraordinary circumstances are present … Accordingly, Rule 60(b)(6) requires a showing of manifest injustice and will not be used to relieve a party from the free, calculated, and deliberate choices he has made.

*Yesh Music v. Lakewood Church*, 727 F.3d 356, 363 (5th Cir. 2013) (citations and internal quotations omitted).

     Jones provides nothing satisfying any prong of Rule 60(b). There are no facts or case law overlooked by this Court in ruling on the Connecticut Plaintiffs' Motion for Summary Judgment. There is no newly discovered evidence. There is no substantive mistake in law or fact that this Court made in rendering its decision. There is no extraordinary circumstance present or manifest injustice. Jones appears to want a second bite at the apple using, in part, constitutional arguments he did not raise in the underlying Connecticut trial. The motion is denied.

Signed: March 20, 2025

                                                Christopher Lopez
                                                United States Bankruptcy Judge