IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re<br><br>Alexander E. Jones,<br><br>    Debtor, | Bankruptcy<br>Case No. 22-33553 (CML)<br><br>Chapter 7 |
| David Wheeler, Francine Wheeler, Jacqueline Barden, Mark Barden, Nicole Hockley, Ian Hockley, Jennifer Hensel, Donna Soto, Carlee Soto Parisi, Carlos M. Soto, Jillian Soto-Marino, William Aldenberg, William Sherlach, Robert Parker, and Erica Ash,<br><br>    Plaintiffs,<br><br>    v.<br><br>Alexander E. Jones and Free Speech Systems, LLC,<br><br>    Defendants. | Adv. Pro. No.: 23-03037 (CML) |

## NOTICE OF VOLUNTARY PARTIAL DISMISSAL

**WHEREAS**, on March 10, 2023, Adversary Plaintiffs Mark Barden, Jacqueline Barden, Francine Wheeler, David Wheeler, Ian Hockley, Nicole Hockley, Jennifer Hensel, William Aldenberg, William Sherlach, Carlos M. Soto, Donna Soto, Jillian Soto-Marino, Carlee Soto Parisi, Robert Parker, and Erica Ash (collectively, "Plaintiffs") filed a complaint commencing this adversary proceeding seeking declaratory judgment that the $1,438,139,556 debt owed jointly by Debtors Alexander Jones and Free Speech Systems, LLC[1] from judgments in the three consolidated cases in Connecticut (the "Connecticut Action"[2])—composed of $965,000,000 in

---

[1] All references in this Notice of Voluntary Partial Dismissal to "Jones" refer to both Alex Jones in his personal capacity and Free Speech Systems, LLC.

[2] The three consolidated cases are *Lafferty, et al.* v. *Jones, et al.*, Case No. X06- UWY-CV-18-6046436-S, in the Superior Court of Connecticut, Judicial District of Waterbury; *Sherlach* v. *Jones, et al.*, Case No. X06-UWY-CV-18-6046437-S, in the Superior Court of Connecticut, Judicial District of Waterbury; and *Sherlach, et al.* v.

1

compensatory damages, $323,139,556 in common law punitive damages and costs, and $150,000,000 in punitive damages under the Connecticut Unfair Trade Practices Act ("CUTPA")—is not dischargeable under section 523(a)(6) of the Bankruptcy Code because it is the result of a willful and malicious injury, Adv. Dkt. 1;

**WHEREAS**, on May 12, 2023, Plaintiffs moved for summary judgment against Jones, requesting judgment be entered in Plaintiffs' favor declaring that the $1,438,139,556 debt owed to them is non-dischargeable in Jones's chapter 11 (and now chapter 7) bankruptcy proceeding, Adv. Dkt. 57, 60;

**WHEREAS**, on October 19, 2023, this Court granted Plaintiffs' motion for summary judgment in part, ruling that the $965,000,000 debt for compensatory damages and $150,000,000 debt for CUTPA punitive damages were non-dischargeable; and denied summary judgment on the $323,139,556 debt for common law punitive damages and costs, Adv. Dkt. 76 at 18;

**WHEREAS**, in the October 19, 2023 ruling on summary judgment, this Court noted that the ultimate amount of non-dischargeable debt could change if Jones were to succeed on his appeals of the judgments in the Connecticut Action, Adv. Dkt. 76 at 15 n.45;

**WHEREAS**, on September 16, 2024, Plaintiffs moved for partial reconsideration of the Court's summary judgment ruling specifically with respect to the denial of summary judgment as to the $323,139,556 awarded as common law punitive damages and costs, Adv. Dkt. 98;

**WHEREAS**, on November 25, 2024, this Court denied Plaintiffs' motion for partial reconsideration, Adv. Dkt. 121;

**WHEREAS**, on December 10, 2024, the Appellate Court of Connecticut reversed the award of $150,000,000 for CUTPA punitive damages for reasons of law unrelated to Jones's

---

*Jones, et al.*, Case No. X06-UWY-CV-18-60464386-S, in the Superior Court of Connecticut, Judicial District of Waterbury.

conduct but otherwise affirmed the remainder of Plaintiffs' judgment against Jones of $965,000,000 for compensatory damages and $323,139,556 for common law punitive damages and costs, *see Lafferty* v. *Jones*, 327 A.3d 941, 981 (Conn. App. Ct. 2024);

**WHEREAS**, on April 8, 2025, the Supreme Court of the State of Connecticut denied Jones's petition for certification to appeal from the December 10, 2024 decision of the Appellate Court of Connecticut, *Lafferty* v. *Jones*, PSC-240253, Order on Petition for Certification to Appeal (Conn. Apr. 8, 2025)[3];

**WHEREAS**, the only remaining unresolved issue in this adversary proceeding concerns Plaintiffs' claim that $323,139,556 of Jones's debt, awarded as common law punitive damages and costs in the Connecticut Action, is not dischargeable;

**WHEREAS**, since the Court's November 25, 2024 decision denying Plaintiffs' motion for partial reconsideration of the summary judgment decision, Plaintiffs have neither sought nor received any discovery relating to, nor moved for any further relief with respect to, the non-dischargeability of the $323,139,556 of Jones's debt awarded as common law punitive damages and costs in the Connecticut Action; and

**WHEREAS**, Plaintiffs have determined to no longer seek declaratory judgment with respect to the non-dischargeability of the $323,139,556 of Jones's debt awarded as common law punitive damages and costs in the Connecticut Action;

**NOW, THEREFORE**, Plaintiffs, through their undersigned counsel, pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure and Federal Rule of Bankruptcy Procedure 7041, hereby give notice that they dismiss their claim and demand for relief seeking declaratory

---

[3] On May 13, 2025, the Appellate Court of Connecticut denied Jones's motion to stay enforcement of the judgments in the Connecticut Action pending Jones's potential petition for a writ of certiorari to the United States Supreme Court, Lafferty v. Jones, AC46131, Order on Motion to Stay (Conn. App. Ct. May 13, 2025). As of the date of this filing Jones has not filed a petition for a writ of certiorari, with such petition being due on September 5, 2025.

judgment that the $323,139,556 of Jones's debt awarded as common law punitive damages and costs in the Connecticut Action is non-dischargeable in Jones's chapter 7 bankruptcy proceeding. For the avoidance of doubt, nothing herein shall waive, release, or otherwise impair Plaintiffs' (i) assertion of any dischargeable claims against Jones in Jones's chapter 7 bankruptcy proceeding, including the assertion of $323,139,556 of claims awarded as common law punitive damages and costs in the Connecticut Action, (ii) claim and demand for relief against Jones as to any other portion of the debt owed by Jones to Plaintiffs from the judgments in the Connecticut Action, including any determination or finding of the Court's October 19, 2023 ruling on Plaintiffs' motion for summary judgment, or (iii) claims, causes of action, rights or remedies against Free Speech Systems, LLC, Adv. Dkt. 76.

      Plaintiffs respectfully request the Court to enter a final order resolving this adversary proceeding and declaring that the $965,000,000 judgment for compensatory damages awarded in the Connecticut Action is not dischargeable under section 523(a)(6) of the Bankruptcy Code.

Dated: July 14, 2025

| | |
|---|---|
| **CAIN & SKARNULIS PLLC** | **KOSKOFF KOSKOFF & BIEDER PC** |

By: */s/ Ryan E. Chapple*  
Ryan E. Chapple  
State Bar No. 24036354  
303 Colorado Street, Suite 2850  
Austin, Texas  78701  
Telephone:  (512) 477-5000  
Fax:  (512) 477-5011  
Email:  rchapple@cstrial.com

*Counsel to Plaintiffs*

Alinor C. Sterling (admitted *pro hac vice*)  
350 Fairfield Avenue  
Bridgeport, Connecticut  06604  
Telephone:  (203) 336-4421  
Email: asterling@paulweiss.com

*Counsel to Plaintiffs*

**PAUL, WEISS, RIFKIND,**
**WHARTON & GARRISON LLP**
Kyle J. Kimpler (admitted *pro hac vice*)  
Paul A. Paterson (admitted *pro hac vice*)  
Daniel S. Sinnreich (admitted *pro hac vice*)  
Vida Robinson  
1285 Avenue of the Americas  
New York, New York  10019-6064  
Telephone:  (212) 373-3000  
Fax:  (212) 757-3990  
Email:  kkimpler@paulweiss.com  
           ppaterson@paulweiss.com  
           dsinnreich@paulweiss.com  
           virobinson@paulweiss.com

*Counsel to Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was filed and served on all persons entitled to receive notice via operation of this Court's CM/ECF system on July 14, 2025.

> */s/ Ryan E. Chapple*
> Ryan E. Chapple