IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE:  ALEX E. JONES | § § § § | CASE NO. 23-33553 (CML) |
| Debtor. | | Chapter 7 |

| | | |
|---|---|---|
| David Wheeler, Francine Wheeler, et. al.<br>Plaintiff | § § § | |
| vs. | § § | Adversary Pro. 23-03037 (CML) |
| Alex E. Jones, as debtor and as owner and sole Manager of Free Speed Systems, LLC | § § § § | |
| Defendants | § | |

**PRELIMINARY
OBJECTION TO VOLUNTARY DISMISSAL AND PROPOSED FINAL
JUDGMENT AND ORDER ATTACHED [Dkt #s 135, 135-1]**

TO THE HONORABLE CHRISTOPHER LOPEZ, UNITED STATES BANKRUPTCY JUDGE:

Alexander E. Jones, Chapter 7 Debtor and Defendant named in this Adversary Proceeding ("Jones") files this Preliminary Objection to the "Notice" of Voluntary Dismissal [Dkt #135] and Objections to the *proposed* final order attached [Dkt #135-1], seeking in part the right to respond more fully within 21 days of the filing of this "disguised" Motion-pleadings that ignore compliance with this Court's rules and procedure, designed to gain an unfair advantage.

**I.
PRELIMINARY STATEMENT**

1. The Connecticut Plaintiffs ("Plaintiffs") continue the recent practice of improper filings, as evidenced by this Motion for Relief disguised as a mere "Notice," yet seeking affirmative relief in this Adversary Proceeding that attaches a Proposed Order granting relief not even mentioned in the text of the "Notice". [*See*, Notice, pg. 4 last ¶].  Just as the pending Jones

Page 1 of 9

Motion to Reconsider and Objection to the recently filed "Stipulation" that also sought undisclosed affirmative relief from this Court without a Motion or mandatory language, these recently filed disguised Motions ignore all of this Court's rules of pleading, including the mandatory notice language to gain an unfair advantage by requiring immediate protective responses long before the Rules of this Court otherwise require. [*See, infra,* Section III b.]. The "Notice" does not disclose that relief is sought nor does the "Notice" contain the mandatory Notice of Motion language, nor seeks a hearing for a matter subject to notice and an opportunity to be heard. The "Notice" does not even disclose that attached is a proposed final order for this Court to sign.

2.  Because this adversary proceeding involves related contested matters, this relief requested by Plaintiffs is the type of which is required to be made in a motion. Bankruptcy Rule 9014, Federal Rules of Bankruptcy Procedure provides as follows:

> (a) Motion Required. In a contested matter not otherwise governed by these rules, relief must be requested by motion. Reasonable notice and an opportunity to be heard must be given to the party against whom relief is sought. No response is required unless the court orders otherwise.

Federal Rules of Bankruptcy Procedure, § 9014(a). This "Notice" ignores this rule.

3.  For these reasons alone, Jones objects to any relief being granted until this Court's rules are enforced and the Connecticut Plaintiffs comply.

## II.
## OBJECTION TO "NOTICE" FILING SEEKING RELIEF BY WAY OF PARTIAL DISMISSAL OF CLAIMS

4.  This "Notice" of partial Dismissal of Claims purports to be filed under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure and Federal Rule of Bankruptcy Procedure 7041. [*See*, Notice, pg. 3 last ¶]. However, Plaintiffs do not seek a Court order allowing or approving of the partial dismissal of claims, but this Court's Final Order, finding and concluding the effect of this *unilateral dismissal* in violation of Rule 41(a)(1)(A)(i), which reads as follows:

  (a) Voluntary Dismissal.
    (1) *By the Plaintiff.*
      (A) *Without a Court Order.* Subject to Rules 23(e) , 23.1(c) , 23.2 , and 66 and any applicable federal statute, **the plaintiff may dismiss an action without a court order by filing**:
        (i) ***a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment***; or
        (ii) a stipulation of dismissal signed by all parties who have appeared.

Plaintiffs cannot dismiss claims without seeking an Order approving the dismissal. Thus, it is true that this proposed dismissal requires compliance with Federal Rule 41(a)(i), but it is also true that Plaintiffs ignored that fact in lieu of a pleading that fails to comply with all Motion practice rules or procedures yet claimed by the Plaintiffs to be relying on and consistent with Federal Rule 41(A)(i). Jones argues that no relief should be granted until Plaintiffs have fully and properly complied with all applicable rules and procedures, including giving Jones sufficient time provided by those rules to fully respond to a clear statement by Motion of the relief sought.

### III.
### OBJECTIONS TO THE REQUESTED DISMISSAL

  A.  **The Connecticut Plaintiffs Do Not Own All of The Judgment Sought to be Dismissed**

  5.  The Plaintiffs purport to dismiss a part of a Judgment that Movants no longer wholly own. According to the statements made by the Texas Plaintiffs' counsel to the Austin Court of Appeals during oral arguments (a copy of which was read into the records at a recent prior hearing) the Texas Plaintiffs claim to own an interest in the Judgment and assert rights in the Connecticut Judgment to proceeds of any recovery.

  6.  Likewise, on July 7, 2025, in the newly filed State Court case in Travis County 261st District Court, Case No. D-1-GN-18-001835,[1] Plaintiffs filed an Application for Post-

---

[1]  See, **Exhibit "1"** attached hereto - Plaintiffs' Application for Post-Judgment Turnover Order and Appointment of Receiver as to Judgment Debtors' Alexander E. Jones and Free Speech Systems, LLC filed in Case

Judgment Turnover Order and Appointment of Receiver (the "Application") as to Judgment Debtors' Alexander E. Jones and Free Speech Systems, LLC. In the Application, Plaintiffs allege that:

> *4.* The Judgment Creditors have agreed to divide the proceeds derived from the Receiver's collection efforts pursuant to the terms of <u>a binding settlement agreement</u> *(the Judgment Creditors' Settlement Agreement).* [*See*, **Exhibit 1** attached hereto, Application for Post-Judgment Turnover and Appointment of Receiver as to Judgment Debtors' Alexander E. Jones and Free Speech Systems, LLC, ¶4, pg. 3]

The Texas Plaintiffs claim to own an interest in the Connecticut Plaintiffs Judgment but are not a party to this "Notice" filed with this Court or to the written notice, which is filed only on behalf of the Connecticut Plaintiffs.

7. Because a copy of the "Judgment Creditors' Settlement Agreement" is not attached, nor has same been furnished to Jones, it is not possible to know the nature of the common ownership and the rights among these Judgment Creditors.

8. Jones must be allowed to fully understand the nature of this Motion and the nature of the claim of joint ownership in the Connecticut Judgment, particularly in light of the likelihood of reversal of the Texas Plaintiffs' Texas Judgment practically admitted by its counsel in arguments before the Austin Court of Appeal.

    **B.**    **The "Notice" Filed By The Connecticut Plaintiffs is a Disguised Motion for Affirmative Relief Which Cannot be Granted in its Current Form or Content**

9. Although the Plaintiffs pleading only references a "Notice" of a Voluntary Dismissal, and is not filed as, or conforming to, a Motion seeking relief as required by the Bankruptcy Rules of Procedure, the "Notice" in fact requests specific relief that should be

---

No. D-1-GN-18-001835, now pending in the 261st Judicial District, Travis County, Texas. This seeks relief that violates this Court's orders that transferred cash and tangible and intangible assets to the Trustee of the Estate of Alex E. Jones. Both of those orders are final and non-appealable. No party or party-in-interest has sought to set aside either of these Orders.

contained only in a Motion made subject to the Bankruptcy Rules regarding responses, hearings, *etc*. On the last page of the "Notice" at the last paragraph, the Connecticut Plaintiffs request relief otherwise undisclosed in the "Notice":

> <u>*Plaintiffs respectfully request the Court to enter a final order*</u> *resolving this adversary proceeding and declaring that the $965,000,000 judgment for compensatory damages awarded in the Connecticut Action is not dischargeable under section 523(a)(6) of the Bankruptcy Code.*

Plaintiffs' purported "Notice" actually requests that the Court enter a final order resolving the adversary proceeding in the form attached (which is not referenced in the "Notice" as attached). It is odd that this relief is sought, in light of the representation of these same Plaintiffs only nine days ago to the State Court. When addressing the State Court, Plaintiffs' Application for Turnover and a Receiver falsely represents that the State Court *"[o]n October 19, 2023, the Bankruptcy Court* <u>***entered a final orde***</u>*r determining that $1,115,000,000 of the Connecticut Families' Judgment was non-dischargeable in bankruptcy and, therefore, unaffected by the bankruptcy proceedings"* when in truth this Court entered an <u>interlocutory, non-final, partial motions for summary judgment</u>, not a final order. [*See*, **Exhibit 1** attached hereto, Application for Post-Judgment Turnover and Appointment of Receiver as to Judgment Debtors' Alexander E. Jones and Free Speech Systems, LLC, pg. 2]. This misrepresentation to the State Court was not a mistake as these Plaintiffs sought and obtained a dismissal of Jones' and FSS's Motion to the Federal District Court seeking leave to appeal the non-final partial summary judgment, which Motion was denied on the grounds that the appeal was not appropriate until the summary judgments are neither partial, nor interlocutory. [*See*, **Exhibit 1** attached hereto].

      10.    Any pleading in an adversary proceeding seeking relief that is not agreed by all parties, and in particular seeking the entry of an order of this Court in the Adversary Proceeding, is governed by the Bankruptcy Rule of Procedure *as a Motion* that must meet the motion-practice

pleadings form and the rules of this Court. For instance, Motions must give parties mandatory notice that relief is sought allowing 21 days (or earlier as permitted by the Court) to respond according to the Motion Practice Rules of this Court, in recognition of a party-in-interest's right to object and be heard on that objection. [*See, Supra* Section I, ¶2].

11. The Connecticut Plaintiffs ignore all of the Rules of this Court in order to obtain relief without allowing a fair opportunity to object to such relief and be heard on such objection. That is the case here where this Court could be misled that there are no objections, when (as earlier last month) an order was signed on a "Stipulation" of less than all parties seeking an order of this Court.

12. Jones seeks additional time to conclude its review of the circumstances and related pleadings consistent with that which is required by this Court rules (*i.e.*, 21 days).

## IV.
## OBJECTION TO THE FORM OF THE PROPOSED "FINAL JUDGMENT"

13. Filed along with the Connecticut Plaintiffs' "Notice" but not otherwise disclosed in the "Notice" is a form of proposed Order that the Connecticut Plaintiffs seek to have this Court enter. It cannot possibly be argued that Plaintiffs' request for entry of the "Final Judgment and Order" not disclosed that one is attached to their "Notice" is not the kind of relief required to be requested in a motion that allows other parties an opportunity to be heard. In addition to the objection of Jones that this proposed Final Judgment is not stand-alone (that is, it must be brought to the Court on proper Motion accompanied by admissible evidence and supporting law) and should not be considered by this Court until made a part of a proper pleading.

14. Jones further objects to the form of the proposed Order, including the below objections:

    a. As to the form, nothing in the Final Judgment discloses, discusses, or deals

with the claims by the Texas Plaintiffs that claim they now have a contractual interest in the Connecticut Judgment. It is critical that such Judgment Creditors Settlement Agreement, and its impact on the liability of Jones and FSS on the Texas Plaintiffs own Texas Judgment, be fully understood prior to this Court considering the entry of the proposed Final Judgment and Order. None of those facts are disclosed or even referenced.

      b.    Jones further objects that it is not clear that the dismissals are "with prejudice" to refiling same.

      c.    Jones further objects to ¶2 of the proposed Final Order that provides for the preservation of claims that make no sense and appear to potentially reinstate claims now dismissed and debts now not dischargeable, including claims of common law punitive damages reversed by the Connecticut appellate courts as not allowed. Such claim could not be an "allowed" claim in bankruptcy and is subject to an objection to the Connecticut Plaintiffs proof of claim.

      d.    Jones further objects to the provisions of the proposed Final Judgment dealing with dismissed causes of action and the associated principal amount of the Judgment, without disposing of the collateral claims for interest, attorney's fees, and cost. The accrual of any such associated claims must clearly and unequivocally be determined in a pro-rata amount and dismissed with prejudice. The final order does not do so.

### V.
### CONCLUSION AND RELIEF SOUGHT

15. Jones seeks an order striking the "Notice" and proposed Final Judgment, and ordering that the fact and law relied upon, and the relief apparently (and not so apparent) sought, be included in a properly filed Motion, properly noticed, and properly served, and otherwise in full compliance with this Court Rules. Alternatively, Jones seeks an order extending Jones' and all

parties-in-interest, additional time after the production (ordered by this Court) of Plaintiffs Judgment Creditors Settlement Agreement.

16. Once these Plaintiffs have complied with the rules and procedures of this Court, Jones will promptly and timely respond, and this Court may rule.

WHEREFORE, Alexander E. Jones requests that the Court deny Plaintiffs' request for the entry of a final order by "Notice" in this adversary proceeding and that the Court order Plaintiffs to comply with the Rules of this Court and file a proper motion that sets out the relief sought by Plaintiffs that gives Jones and any other party in interest an opportunity to respond, and that the Court order production to Jones and all parties-in-interest, of the Judgment Creditors' Settlement Agreement, and for such other and further relief to which Jones may be justly entitled, both at law and in equity.

Dated: July 16, 2025

/s/ Shelby A. Jordan
SHELBY A. JORDAN
State Bar No. 11016700
S.D. No. 2195
ANTONIO ORTIZ
State Bar No. 24074839
S.D. No. 1127322
Jordan & Ortiz, P.C.
500 North Shoreline Blvd., Suite 804
Corpus Christi, TX 78401
Telephone: (361) 884-5678
Facsimile: (361) 888-5555
Email: sjordan@jhwclaw.com
aortiz@jhwclaw.com
Copy to: cmadden@jhwclaw.com
COUNSEL FOR ALEX JONES

/s/ Ben Broocks
Ben C. Broocks
State Bar No. 03058800
Federal Bar No. 94507
William A. Broocks

St. Bar No. 24107577
Federal Bar No. 3759653
BROOCKS LAW FIRM P.L.L.C.
248 Addie Roy Road, Suite B301
Austin, Texas 78746
Phone: (512) 201-2000
Fax: (512) 201-2032
Email: bbroocks@broockslawfirm.com
CO-COUNSEL FOR ALEX JONES

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document was filed with the Court on July 16, 2025, and served electronically upon those parties registered to receive electronic notice via the Court's CM/ECF system.

/s/ Shelby A. Jordan
Shelby A. Jordan
